13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stanley L. BIRCH, Jr., Petitioner-Appellant,
v.
J. Michael QUINLAN, Director of the Federal Bureau of
Prisons; and Gary L. Henman, Warden of
Leavenworth Penitentiary, Respondents-Appellees.
 No. 93-3220.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1993.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a petition for a writ of habeas corpus. The petition alleges respondent improperly denied him good time based upon an improper prison disciplinary system and faulty urine testing. He did not challenge his incarceration, but sought instead restoration of good time, return of the urine samples so that he could have them re-tested, and "further and additional relief as the Court in its discretion my [sic] judge."
 
 
 3
 Prior to the district court's decision on the merits, the respondents moved to dismiss on the ground of mootness because petitioner had been mandatorily released and was no longer confined. Petitioner countered with a claim that his release was tantamount to parole and he might consequently be subject to reimposition of the conditions of which he complained. Citing McKinney v. Maynard, 952 F.2d 350 (10th Cir.1991), the district court denied the mootness dismissal. Nonetheless, the court denied the petition on the merits.
 
 
 4
 In this court the petitioner argues only that the drug testing system employed by the Bureau of Prisons which led to the punitive action against him is unreliable. He seeks from us an "order that the Federal Bureau of Prisons is required to administer [a specific] test if requested by a prisoner prior to imposition of disciplinary sanctions." It is clear the issue of release from unconstitutional confinement is no longer a part of this case, assuming it has been from the beginning.[2]
 
 
 5
 The remedy sought by petitioner seems to have been declaratory judgment, and not habeas corpus. Prior to the decision in the district court, petitioner was not in custody and the restoration of his good time credits was no longer an issue. Moreover, even though he asserted as a virtual parolee he might come into contact in future with the Bureau's inmate urine testing policies, that assertion assumes his re-incarceration and consumption of a contraband substance.
 
 
 6
 Although the district court correctly denied relief, it did so for the wrong reason. Because the relief sought by the petitioner was not available to him, and in fact beyond the capacity of the court to grant under the circumstances of the case, there was no controversy over which the district court could assert jurisdiction. The petition had been mooted by events. Preiser v. Rodriguez, 411 U.S. 475 (1973). Moreover, the possibility of the reoccurrence of the circumstances giving rise to the petition was so remote, the case was and remains legally moot.
 
 
 7
 The concerns we expressed in McKinney which preserve issues against a mootness dismissal are not present in this case. There simply is no justiciable controversy here for judicial resolution. Although petitioner asserts he is interested in protecting the rights of other federal prisoners against the wrongs he asserts, he is without standing to sue for the benefit of others. Moreover, we will not render what amounts to nothing more than an advisory opinion. That function is beyond our jurisdiction.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 Indeed, petitioner advised the district court his "ultimate goal is far broader than the return of loss of good time. His ultimate goal is to correct an injustice which occurred to him, and which can reoccur." That statement overlooks the remedy provided in habeas corpus is limited to the release from custody only. Having instituted an action in habeas corpus, petitioner is confined to its results. Since petitioner has neither claimed nor proved he is subject to the Bureau's inmate disciplinary system in his present status, there is no likely possibility it can apply to him