**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1998**

**PATRICK FISHER**
**Clerk**

DONALD ARAGON,

        Petitioner-Appellant,

v.

JOHN SHANKS,

        Respondent-Appellee.

No. 97-2106

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-93-1455)

**Submitted on the briefs:**

Thomas B. Jameson, Assistant Federal Public Defender, Albuquerque, New Mexico, for Petitioner-Appellant.

Tom Udall, Attorney General for the State of New Mexico, and Anthony Tupler, Assistant Attorney General, Santa Fe, New Mexico, for Respondent-Appellee.

Before **PORFILIO, LOGAN,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

Donald Aragon filed the instant 28 U.S.C. § 2254 habeas corpus petition in December 1993, challenging the constitutionality of New Mexico's application of certain meritorious and industrial good time credits to Aragon's term of incarceration. The district court dismissed the petition with prejudice, concluding that amended regulations relating to the dispensation of good time credits did not violate the Ex Post Facto Clause and that New Mexico had applied the good time credits in a manner consistent with the relevant state statutes. Aragon then moved this court for a certificate of appealability so that he could raise the issue of good time credits on appeal. This court granted Aragon a certificate of probable cause[1] on January 28, 1998, and ordered New Mexico to file a responsive brief.

After the case was ordered submitted, this court issued an order to show cause why the case should not be dismissed on the ground of mootness. We issued the order to show cause in response to Aragon's concession that he is no longer incarcerated. In light of Aragon's response to the order to show cause and a review of the relevant precedent, this court dismisses the appeal as moot.

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *See Spencer v. Kemna*, 118

---

[1]In granting Aragon a certificate of probable cause, this court noted that the certificate of appealability provisions of the Antiterrorism and Effective Death Penalty Act of 1996 did not apply to this case because Aragon's petition was filed before the effective date of the Act. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

S. Ct. 978, 983 (1998).  As noted by the Supreme Court, Article III's "'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a "personal stake in the outcome" of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477).

On April 7, 1988, Aragon was convicted of eleven counts of commercial burglary, one count of receiving stolen property, and one count of felon in possession of a firearm.  On May 11, 1990, the New Mexico trial court sentenced Aragon to a term of twenty seven and one-half years.  Pursuant to statutory authority, the trial court suspended ten of the twenty-seven and one-half years and ordered that Aragon serve a five-year term of probation upon the completion of his sentence.  *See* N.M. Stat. Ann. §§ 31-20-3, -5 (providing that New Mexico trial courts can suspend all or part of a term of incarceration and mandating that court impose a distinct term of probation upon suspension of the term of incarceration).  Accordingly, the ultimate judgment of the trial court was that Aragon serve a seventeen-and-one-half-year term of imprisonment followed by a distinct five-year term of probation.

In his brief on appeal, Aragon informed the court that he had been released from custody sometime in 1995. In response to this court's order to show cause why this case should not be dismissed as moot, Aragon further informed the court that he is now serving his mandatory term of probation[2] and asserted, without citation to relevant New Mexico case law or statute, that a favorable decision from this court would "reduce his term of probation."[3]

Our review of the relevant New Mexico statutes reveals that because Aragon is now serving his mandatory term of probation, his term of incarceration must necessarily be complete. *See* N.M. Stat. Ann. § 31-20-5 (providing that an inmate's mandatory post-incarceration term of probation begins to run only upon the completion of the term of imprisonment and any period of parole). Because Aragon's period of incarceration is complete, this case is moot unless a favorable decision from this court would shorten the period of his probation.[4]

---

[2]In support of this assertion, Aragon attached to his response to the order to show cause a letter from his probation officer attesting to the fact that Aragon is currently serving the probationary term imposed by the state trial court in May of 1990.

[3]Unfortunately, New Mexico did not accept this court's invitation to respond to the order to show cause.

[4]In framing the inquiry in this fashion, we note the very limited nature of the challenge presented in Aragon's § 2254 habeas petition. Aragon's challenge is limited to the duration of his term of incarceration; he raises no challenge to the fact of his incarceration. If Aragon were challenging the fact of his incarceration, the case would not be moot because a successful challenge would

(continued...)

Unfortunately, Aragon has not cited and this court has not discovered any cases which stand for the proposition that the length of a mandatory term of probation could in any way be affected by a retroactive application of good time credits. Instead, Aragon points to several cases for the proposition that generally a habeas corpus petition is not moot if the petitioner is on parole, implying *sub silentio* that this court should treat his case similarly. The cases cited by Aragon are, however, clearly inapposite. We recognize that a habeas petition challenging the application of New Mexico good time credits is not moot if the petitioner is on parole. Under New Mexico law, a parolee is considered to be in the custody of the institution from which he was released and is, in essence, serving the remainder of his sentence outside of the prison walls as a matter of grace or mercy. *See* N.M. Stat. Ann. § 31-21-10(D); *Conston v. New Mexico State Bd. of Probation & Parole*, 444 P.2d 296, 298 (N.M. 1968) (construing analogous prior version of New Mexico law). Thus, credits that could affect the length of a petitioner's sentence would also necessarily affect the length of any concomitant parole. *See Brooks v. Shanks*, 885 P.2d 637, 639 & n.2 (N.M 1994) (holding that

---

[4](...continued)
affect the fact of both his incarceration and probation. Aragon's challenge, however, is limited to New Mexico's application of good time credits to the duration of his term of incarceration. Accordingly, his appeal is moot unless a decision in his favor on this narrow issue would affect the duration of his distinct probationary period.

habeas petition was not moot because award of good time credits would shorten petitioner's parole). As noted above, however, Aragon is on probation rather than parole, two distinct animals under New Mexico law. A probationary term is statutorily distinct from the term of incarceration, is served at the conclusion of the term of incarceration and any parole, is subject to the control of the sentencing court rather than the parole board, and, based on our reading of the relevant statutes, is not subject to the statutory provisions governing the application of good time credits to terms of incarceration.

Because Aragon has completed his term of incarceration and because he has failed to identify, and this court has been unable to find, any support for his assertion that a favorable ruling on the merits would affect the length of his separate and distinct probationary period, this appeal is moot. *See Kemna*, 118 S. Ct. at 983. The appeal is hereby **DISMISSED**.