**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 18 2000**

**TENTH CIRCUIT**

JOHN CHARLES GILLE,

      Petitioner - Appellant,

vs.

No. 00-6106
(D.C. No. 99-CV-1567-R)
(W.D. Okla.)

GLYNN BOOHER, Warden,

      Respondent - Appellee.

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Petitioner-Appellant John Gille, appearing pro se, seeks to appeal from the

denial of his habeas petition, 28 U.S.C. § 2241. Mr. Gille claims that the

Oklahoma Department of Corrections denied his liberty interest in good time

credits, when it improperly demoted him to a level at which he could earn fewer

credits. The magistrate judge recommended dismissal on the merits, and the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

district court adopted the recommendation and denied the petition. Mr. Gille was released from custody several days after the district court order. We deny a certificate of appealability because the petition is moot.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). This requirement means that the plaintiff must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted). Mr. Gille complains that the ODOC's actions improperly lengthened his term of incarceration. However, because he has now been released, his incarceration "cannot be undone." Id. at 7-8. This habeas petition can only be maintained if Mr. Gille is subject to continuing collateral consequences attributable to the ODOC's failure to keep him at a higher earned credit level. Id. We are not aware of, and Mr. Gille has failed to allege, any continuing consequences of the ODOC's action.

Mr. Gille recognizes that a writ of habeas cannot be issued because he is no longer in custody. Aplt. Br. at 22. His attempt to raise the rights of currently confined inmates is unavailing because "he is without standing to sue for the benefit of others." Birch v. Quinlan, No. 93-3220, 1993 WL 496918, at **1 (10th Cir. Dec. 3, 1993) (dismissing as moot habeas petition in which released inmate

attempted to protect other prisoners from alleged wrongs). Mr. Gille also claims that he "deserves to have his denial of statutory earned credits declared illegal, and be awarded damages to the degree this court is able to do so, including costs of this action." Aplt. Br. at 22. We can not render what amounts to an advisory opinion regarding the legality of the ODOC's actions.[1] Moreover, monetary damages are not recoverable in a habeas action.[2] Accordingly, we deny a certificate of appealability. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000).

DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]We do, however, note in passing that were we to reach the merits of this case, we would summarily affirm for the reasons given by the magistrate and the district court.

[2]Mr. Gille filed a motion with the district court to convert his habeas petition into a § 1983 action. The district court denied this motion and Mr. Gille has not appealed that denial. Even if we were to treat this appeal as a § 1983 claim, however, Mr. Gille's claim must fail under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . , a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . .").