**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SAMUEL E. TOOTLE, II,

      Petitioner-Appellant,

v.

COLONEL COLLEEN MCGUIRE,

      Respondent-Appellee.

No. 03-3162
(D.C. No. 02-CV-3013-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On February 20, 2004, this court ordered Mr. Tootle to show cause why this appeal should not be dismissed as moot. Mr. Tootle filed a timely response, which we have reviewed. We now dismiss the appeal.

Mr. Tootle, a former inmate of the United States Disciplinary Barracks in Fort Leavenworth, Kansas, appeals from the district court's order dismissing his 28 U.S.C. § 2241 petition for habeas corpus. He was convicted before a general court-martial of numerous offenses and was sentenced to a term of 3140 days of confinement. As is proper in the case of a § 2241 petition, he does not challenge the validity of his conviction and sentence, only the execution of his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Specifically, he complains that he was improperly classified upon his admission to the USDB; improperly denied employment; and retaliated against for exercising his right to appeal his sentence by being assigned to a non-working detail, all of which caused him to earn fewer credits toward sentence reduction than he would otherwise have earned. His § 2241 petition seeks injunctive relief against any future retaliation, and an award of Good Conduct Time and Extra Good Conduct Time credits.

On October 19, 2003, during the pendency of this appeal, Mr. Tootle completed his sentence and was released from incarceration at USDB. A claim for good time credits becomes moot where the prisoner has been released and asserts no continuing incarceration or period of probation or parole that can be the subject of judicial relief. *See*

*generally Aragon v. Shanks*, 144 F.3d 690, 691-92 (10th Cir. 1998). Mr. Tootle's claim

for good time credits is therefore moot.

Nor does Mr. Tootle have any continuing claim for injunctive relief against future

retaliation. His release from incarceration has mooted these claims as well. *See*

*Wirsching v. Colorado*, ___F.3d___, No. 00-1437, 2004 WL 309318, at *4 (10th Cir.

Feb. 19, 2004).

As there are no cognizable claims before us, we dismiss this appeal as moot. Mr.

Tootle's "Motion to Attach Documents to the Record" is denied.


Entered for the Court


Monroe G. McKay
Circuit Judge