**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LYNDA M. FRATIS,

Petitioner-Appellant,

v.

JOE ORTIZ, Executive Director of the
Colorado Department of Corrections;
JEANNE E. MILLER, Director of
Community Corrections; KEN
SALAZAR, the Attorney General of
the State of Colorado,

Respondents-Appellees.

No. 05-1154
(D.C. No. 04-Z-2537)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge**, O'BRIEN**, and **McCONNELL**, Circuit Judges.

Lynda M. Fratis appeals from the district court's dismissal of her 28 U.S.C.

§ 2254 habeas petition for failure to exhaust administrative remedies.  We granted

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

a certificate of appealability on the following issue: whether the postconviction proceeding Ms. Fratis initiated in the Pitkin County District Court exhausted her state remedies in accordance with 28 U.S.C. § 2254(b)(1). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and dismiss the appeal as moot.

*Background*

In November 2004, Ms. Fratis, an inmate of the Colorado Department of Corrections (CDOC), filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She did not seek relief from the conviction resulting in her imprisonment. Rather, she sought relief from a Code of Penal Discipline (COPD) conviction she received as an inmate. As a result of the COPD conviction, her placement in the Intensive Supervised Program (ISP), which is a conditional release program allowing inmates to live in a community placement, was revoked. Through her habeas petition, Ms. Fratis sought to be returned to the ISP. On March 29, 2006, while this appeal was pending, she was returned to the ISP. Nevertheless, she contends her appeal is not moot.

*Discussion*

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). To satisfy this case or controversy requirement, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

-2-

redressed by a favorable judicial decision." *Id.* (quotation omitted). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

To avoid dismissal Ms. Fratis must demonstrate an actual injury traceable to the defendant and capable of being redressed by a judicial decision. We take guidance from *Spencer v. Kemna,* 523 U.S. 1 (1998). In *Spencer*, the petitioner's parole status was revoked and he was reincarcerated. *Id.* at 3. In his habeas petition, petitioner sought to invalidate the order revoking his parole, but by the time the case was decided by the district court, he had completed the entire term of imprisonment underlying the parole revocation. *Id.* at 3, 6-7. The Supreme Court concluded, "[t]he reincarceration that [petitioner] incurred as a result of the [parole revocation] is now over, and cannot be undone. Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed." *Id.* at 8. The Supreme Court went on to conclude that collateral consequences must be proved, not presumed. *Id.* at 14. Like the petitioner in *Spencer*, Ms. Fratis' reincarceration is now over and cannot be undone. Ms. Fratis must therefore show collateral consequences of the revocation. *Id.* She has not met her burden on the record before this court.

Ms. Fratis' habeas petition requests she be returned to the ISP program, which has already occurred. She argues, however, that her appeal is not moot

because her "two-plus year period of incarceration set her back considerably" and "she has lost a significant amount of time." Aplt. Br. at 10. In her reply brief, she also states, "a concrete regression of Petitioner's sentence occurred, which lengthened her term of confinement by the loss of good time, status and parole eligibility." Reply Br. at 4. These vague and conclusory statements, which are not supported by citations to the record, are insufficient to establish collateral consequences.

Ms. Fratis did not seek restoration of any time lost due to her reincarceration or as a result of her COPD conviction; she simply requested to "be placed back into the Intensive Supervision Program, at the level of liberties she held prior to the unlawful revocation." Aplt. App. at 15. In her pro se opening brief, she reiterated this request for relief by stating, "[t]he Petitioner seeks this court to issue her writ of Habeas Corpus to restore her to conditional release status." COA Opening Br. at 3. Because Ms. Fratis has been returned to her conditional release status in the ISP, her habeas petition is now moot. Accordingly, the appeal is DISMISSED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-4-