**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONNIE RAY DUMAS,

      Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

      Respondent-Appellee.

No. 09-3327
(No. 5:08-CV-03158-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES**, Circuit Judges.

_____

    Petitioner Donnie Ray Dumas, proceeding pro se, appeals the district

court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition as moot.

We **AFFIRM** the district court's order for the reasons set forth below.

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## BACKGROUND

Mr. Dumas filed a habeas petition under 28 U.S.C. § 2241, alleging that prison officials violated his due process rights during disciplinary proceedings that occurred while he resided at the Grossman Center Halfway House in Leavenworth, Kansas. At the culmination of those proceedings, the Parole Commission decided to postpone Mr. Dumas's scheduled July 26, 2007 parole release date for six months. Mr. Dumas was then released on parole on January 25, 2008. On May 9, 2009, the district court denied Mr. Dumas's habeas petition as moot because Mr. Dumas had already been released on parole, suffered no actual injury that the court could remedy, and failed to demonstrate any collateral consequences arising from the alleged rights violation and the rescheduling of his release on parole. Mr. Dumas then filed a motion for reconsideration, which the district court also denied. This appeal followed.

## DISCUSSION

We review a district court's determination of mootness de novo. *Faustin v. City & Cnty. of Denver*, 268 F.3d 942, 947 (10th Cir. 2001). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

2

favorable judicial decision." *Id.* at 691 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted). In other words, "[a]n issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party." *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) (quoting *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001)).

On appeal, Mr. Dumas argues that the district court erred in dismissing his habeas petition as moot because he automatically presents a "live" case if he is on parole and still serving his original term of incarceration. Mr. Dumas is correct that the Supreme Court has held that "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his *conviction* always satisfies the case-or-controversy requirement . . . ." *Spencer*, 523 U.S. at 7 (emphasis added). However, Mr. Dumas does not challenge the validity of his underlying conviction; rather, he challenges the postponement of his parole release date. Because Mr. Dumas has already been released on parole, he bears the burden of demonstrating that he is subject to continuing "collateral consequences" as a result of that postponement. *See id.* at 14–16; *see also Aragon*, 144 F.3d at 692 n.4 (finding appellant's § 2254 habeas petition moot where he challenged only the length of his probation term, not the validity of his underlying conviction). Nowhere in the record does Mr. Dumas identify any "collateral consequences" that stem from his delayed parole release. He therefore fails to present a case or controversy for purposes of Article

3

III. *See Spencer*, 523 U.S. at 7. Thus, the district court correctly concluded that Mr. Dumas's habeas petition was moot.

## **CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. Dumas's 28 U.S.C. § 2241 habeas petition as moot.[1]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[1] We also deny as moot Mr. Dumas's pending filing that is styled "Petition for Judgment As A Matter of Law."