2006-NMSC-052

149 P.3d 62

**Phillip A. GARCIA, Petitioner,**

v.

**Donald DORSEY, Warden, Respondent.**

**No. 29,689.**

Supreme Court of New Mexico.

Nov. 22, 2006.

John Bigelow, Chief Public Defender, John L. Walker, Assistant Public Defender, Albuquerque, NM, for Petitioner.

Patricia A. Madrid, Attorney General, Mark Joseph Lovato, Assistant Attorney General, Santa Fe, NM, for Respondent.

## OPINION

SERNA, Justice.

{1} This case comes to the Court on Writ of Certiorari to an order of the First Judicial District Court, dismissing, without an evidentiary hearing, Petitioner Phillip A. Garcia's Petition for Writ of Habeas Corpus as moot. We granted certiorari pursuant to Rule 12–501 NMRA. Garcia's Petition for Writ of Habeas Corpus alleges a procedural due process violation which, he claims, renders his current incarceration illegal. We agree with Garcia that his claim is not moot and, therefore, reverse the district court's dismissal of Garcia's petition and remand to the district court for a full hearing on the merits consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} The parties agree to the relevant facts in this case. In 1999, the Second Judicial

District Court sentenced Garcia, to a seven and one-half year term of incarceration (with the balance suspended), followed by two years of parole and five years of probation, to run concurrently. Thereafter, following a disciplinary hearing in October 2001, Garcia was found guilty of a major offense disciplinary violation for possession of dangerous contraband, a razor blade, while he was an inmate at the Penitentiary of New Mexico South Unit. During the hearing, Garcia offered the exculpatory testimony of the corrections officer who placed him in the cell where the razor blade was found. Garcia contends the officer would have testified that he did not properly inspect the cell before placing Garcia in it, thus showing that Garcia did not knowingly possess the razor blade in his cell. The hearing officer refused the testimony as irrelevant.

{3} Based upon the disciplinary violation, the New Mexico Department of Corrections forfeited ninety days of Garcia's Earned Meritorious Deductions, *see* NMSA 1978, § 33-2-34 (1999, prior to 2006 amendment), and placed Garcia in disciplinary segregation for sixty days.[1] The disciplinary segregation rendered Garcia ineligible to earn Meritorious Deductions during that time. *See* § 33-2-34(F)(2).

{4} On June 17, 2003, while incarcerated at the Western New Mexico Correctional Facility in Grants, Garcia filed a pro se Petition for Writ of Habeas Corpus in this Court, alleging that the hearing officer violated his procedural due process rights by denying the proffered testimony. Garcia asserted that this alleged due process violation resulted in his unlawful confinement for an additional one hundred fifty days or five months (i.e., ninety days forfeited Meritorious Deductions plus sixty days disciplinary segregation, during which time he was ineligible to earn additional Meritorious Deductions). This Court remanded Garcia's Petition for Writ of Habeas Corpus to the First Judicial District Court, rather than exercise its original jurisdiction.

{5} On August 15, 2003, Garcia completed his initial term of incarceration and was paroled for a term of two years and began serving concurrently his five-year probation term. On that same date, Garcia was transferred on a detainer to Nevada.

{6} On January 8, 2004, the Public Defender filed an Amended Petition for Writ of Habeas Corpus and, on June 14, 2004, filed a motion to compel a response to the petition and a request to set an evidentiary hearing. The Attorney General filed a Response on July 16, 2004.

{7} In March 2005, Garcia completed his sentence in Nevada and was returned to New Mexico under dual parole and probation supervision. In June 2005, Garcia was arrested and charged with a new offense, and the New Mexico Corrections Department returned him to custody until August 15, 2005, when his two-year parole term expired. In October 2005, as part of a plea agreement for the June 2005 offense, Garcia's probation was revoked, and he was committed to the New Mexico Corrections Department for the remainder of his probation period, approximately three years. In addition, Garcia was sentenced to eighteen months for the June 2005 offense, which was to run concurrent to his commitment for the revoked probation period.

{8} Although Garcia's counsel had requested a hearing on June 14, 2004, nothing occurred until a notice of hearing was issued for December 2005. By that time, Garcia's parole period had expired (on August 15, 2005). Therefore, on December 23, 2005, the Attorney General filed a Motion to Dismiss Garcia's Petition for Writ of Habeas Corpus based on *Aragon v. Shanks,* 144 F.3d 690 (10th Cir.1998), a Tenth Circuit case regarding a federal habeas petition that interpreted New Mexico statutory law as allowing application of Meritorious Deductions only to the period of incarceration and parole, but not to probation. The Attorney General argued that Garcia's petition was thus moot and should be dismissed because he had already

---

1. A discrepancy exists in the record as to whether Garcia spent thirty or sixty days in disciplinary segregation. He was sentenced to thirty days but appears to have actually spent sixty days in segregation. For purposes of this Opinion, we assume that Garcia spent sixty days in segregation. Our assumption is based on the parties' apparent agreement to this fact.

completed his sentence of incarceration as well as his period of parole to which the Meritorious Deductions could have been applied.

{9} Garcia remains incarcerated on the balance of the three-year revoked probation term until late January or early February 2007. Garcia argued that the petition was not moot because the forfeiture of Meritorious Deductions and the inability to earn Meritorious Deductions while in disciplinary segregation delayed his release to both his parole and probation, resulting in injury with respect to both periods.

{10} The First Judicial District Court held a hearing on the Motion to Dismiss on January 5, 2006, at which time it dismissed the petition as moot because Garcia's original term of incarceration and two-year parole period had expired. The district court based its decision on *Aragon supra*, entering an Order and an Amended Order to that effect on January 26, 2006, and February 24, 2006, respectively.

{11} Garcia now appeals the district court's dismissal of his Petition for Writ of Habeas Corpus, arguing that it is not moot. His core argument remains the same—that the forfeiture of his Meritorious Deductions and his inability to earn Meritorious Deductions while in disciplinary segregation delayed his release to both his probation and parole periods. Since Garcia is still serving the balance of his original revoked probation period, with a current estimated release date of late January or early February 2007, he argues that his procedural due process claim is not moot and that he is being held illegally.

{12} Based on the following analysis, we reverse the district court's dismissal of Garcia's petition and remand to the district court for a full hearing on the merits. If Garcia prevails on the merits in the district court, the restoration of his forfeited ninety days of Earned Meritorious Deductions may make him eligible for release as early as December 20, 2006. Garcia's attorney and the Attorney General disagreed at oral argument as to whether Garcia would be awarded Earned Meritorious Deductions for the sixty days he was held in disciplinary segregation. At

present, we find it premature to address this question.

## II. STANDARD OF REVIEW

{13} The parties agree that this appeal presents a pure question of law, which we review de novo. *State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) ("We review questions of law de novo."). In the instant case, Garcia appeals the First Judicial District Court's grant of the Attorney General's Motion to Dismiss. In this Court's seminal case regarding the mootness doctrine, *Gunaji v. Macias,* we engaged in a de novo review of the lower court's grant of summary judgment and noted that "[t]he same reasoning applies to review of the grant of a motion to dismiss where all that is before the court are pleadings and affidavits." 2001–NMSC–028, ¶ 8, 130 N.M. 734, 31 P.3d 1008. Therefore, de novo is the appropriate standard of review in this case.

## III. NEW MEXICO MOOTNESS DOCTRINE

■ {14} In *Gunaji,* we stated that, "[a]s a general rule, this Court does not decide moot cases." *Id.* ¶ 9; *see also Mowrer v. Rusk,* 95 N.M. 48, 51, 618 P.2d 886, 889 (1980). "A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji,* 2001–NMSC–028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted). We found the election contest at issue in *Gunaji* moot because the terms of office had expired, and "an election contest becomes moot when the term for the corresponding office expires." *Id.*

■ {15} However, an exception to the mootness doctrine allows for review of moot cases that present issues "which are capable of repetition yet evade review." *Id.* ¶ 10. For example in *Gunaji,* we found that issues regarding the means of contesting an election and the proper remedy for an incorrect ballot face that may have resulted in a number of incorrect votes capable of changing the outcome of an election met the exception because human error might cause their repetition, and the issues would likely evade review because the affected terms of office might

expire before the Court could decide the issues. *Id.; see also Mowrer*, 95 N.M. at 51, 618 P.2d at 889.

{16} This Court has rejected the more restrictive federal mootness standard which requires that "the *specific* contests must be likely to occur again." *Gunaji*, 2001–NMSC–028, ¶ 11, 130 N.M. 734, 31 P.3d 1008 (emphasis added). Rather, we have held that "an issue can be capable of repetition ... even though the parties are unlikely to litigate the same issue again. It is sufficient that the issue be capable of repetition in some future lawsuit; the identity of the parties is irrelevant." *Id.* Therefore, this Court in *Gunaji* reviewed the issues on the merits because, although the specific parties were "unlikely to ever litigate these issues again, the issues [we]re still capable of repetition in future election contests." *Id.*

■ {17} The district court found that Garcia's petition was moot based on the Tenth Circuit case of *Aragon v. Shanks*, which analyzed the New Mexico law at issue in the instant case in the context of a federal habeas corpus petition. 144 F.3d 690. In `Aragon`, the Tenth Circuit held that Earned Meritorious Deductions are applicable only to terms of incarceration and parole. *Id.* at 692. The Attorney General asks us to adopt this same analysis and find that Garcia's case is moot because Garcia has already completed both his incarceration and parole. We find *Aragon* misapprehended the relevant New Mexico law by failing to recognize the "dual credit" nature of New Mexico's statutory parole and probation system, discussed below, and thus find it inapposite to our resolution of the instant case. Because the procedural due process violation Garcia alleges impacts his current incarceration, we hold

that Garcia's case is not moot and that by reversing and remanding to the district court, we are able to grant him actual relief.[2]

## IV. GARCIA'S CASE IS NOT MOOT BECAUSE THE ALLEGED PROCEDURAL DUE PROCESS VIOLATION IMPACTS HIS CURRENT INCARCERATION

■ {18} Our review of the relevant statutory and case law leads us to the conclusion that Garcia's claim remains a live controversy because the procedural due process violation he alleges impacts his current incarceration. We turn first to the New Mexico statute regarding Earned Meritorious Deductions.

### A. Eligibility for Earned Meritorious Deductions

{19} The New Mexico statutory provision regarding Eligibility for Earned Meritorious Deductions states in pertinent part: "To earn meritorious deductions, a prisoner confined in a correctional facility ... must be an active participant in programs recommended for the prisoner...." Section 33–2–34(A). The section also states that "an offender sentenced to confinement in a correctional facility designated by the corrections department who has been released from confinement and who is serving a parole term may be awarded earned meritorious deductions." Section 33–2–34(M) (2006). The plain language of the statute, therefore, shows a legislative intent that Meritorious Deductions (i) be earned by offenders who are currently incarcerated or who have been released on parole and (ii) be applied to the periods of incarceration or parole.

{20} Case law evinces this Court's similar understanding of the application of Meritori-

---

**2.** Although we hold that Garcia's case is not moot, we find it important to point out that it would fit squarely the exception to the New Mexico mootness doctrine allowing for review of issues which are "capable of repetition yet evade review." *Gunaji*, 2001–NMSC–028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. This is so because, under New Mexico's "dual credit" system, the same issue is likely to arise again in the future, and this Court is unconcerned with the identity of the parties in any such future case. Indeed, the district judge noted during the hearing on the Motion to Dismiss that he had seen a substantial number of cases similar to Garcia's but that appellate review had yet to resolve the mootness issue. The dance of litigation proceeds slowly and deliberately, and so a habeas petition may not even be considered until after the petitioner's incarceration and parole periods have expired, thus resulting in a case such as Garcia's which is dismissed for mootness. Therefore, even if Garcia's claim were moot, we find that it would meet the exception to the mootness doctrine allowing for review of issues which are "capable of repetition yet evade review."

ous Deductions. In *Coutts v. Cox*, we held that Meritorious Deductions were to be deducted from the maximum unsuspended portion of a sentence for the purpose of determining a prisoner's release date and concomitant eligibility for parole. 75 N.M. 761, 764–65, 411 P.2d 347, 349 (1966). Later, in *Brooks v. Shanks*, this Court reversed the dismissal of a petition for habeas corpus, which contended that the process by which petitioner's Meritorious Deductions had been forfeited violated his procedural due process rights, even though petitioner had already been released from custody and was on parole. 118 N.M. 716, 717–18, 885 P.2d 637, 638–39 (1994). This Court thereby sanctioned the application of Meritorious Deductions to reduce the parole term. *See* 118 N.M. at 718 n. 2, 885 P.2d at 639 n. 2.

## B. New Mexico's "Dual Credit" System for Parole and Probation

{21} In addition, we bear in mind that New Mexico adheres to a "dual credit" system with "the time served on parole credited as time served on the period of probation." NMSA 1978, § 31–20–5(B)(1) (2003); *see also State v. Muniz*, 119 N.M. 634, 894 P.2d 411 (Ct.App.1995) (holding that the legislature intended parole time served prior to probation to be credited to the probation period in all cases). It is only when the defendant violates any condition of parole, resulting in parole revocation and the balance of parole being served in custody of a correctional facility, that the time cannot be credited as time served on probation. Section 31–20–5(B)(2).

{22} We find it unnecessary to decide whether Earned Meritorious Deductions can be applied to shorten retroactively a mandatory term of probation or whether the courts have the authority to shorten retroactively a mandatory term of probation, the answers to which the Attorney General has urged are in the negative. Such interpretation is unnecessary because we find the dispositive issue to be that if Garcia's procedural due process rights were indeed violated in the disciplinary hearing, and if Garcia was, thereby, wrongfully convicted of the disciplinary violation, resulting in the wrongful forfeiture of

his Meritorious Deductions and wrongfully rendering him unable to earn additional Meritorious Deductions, Garcia's current incarceration is illegal. Garcia and the Attorney General disagree as to whether Garcia, if he prevails on the merits, could be awarded Meritorious Deductions for the sixty days he was held in disciplinary segregation. Nevertheless, if Garcia had never been convicted of the disciplinary violation and if he had, therefore, been released to his concurrent parole and probation terms on time, it appears that he would complete his probation on December 20, 2006, if not sooner.

{23} As Garcia points out, he is not seeking and, indeed, admits he is not entitled to concurrent probation credit for the period when his parole was in process of revocation. *See* § 31–20–5(B). However, since his parole and probation were running concurrently, he was released as to both at the same time and, as he contends, was released one hundred fifty days late as to both due to the allegedly wrongful disciplinary conviction. With this in mind, Garcia is not, as the Attorney General argues, seeking retroactive application of his Meritorious Deductions to shorten his mandatory probation period. Rather, because he was released to his concurrent parole and probation late, he seeks credit for that time.

{24} This Court's finding that Garcia's claim is not moot does not shorten Garcia's mandatory probation period in any way. It would simply restore to Garcia the Meritorious Deductions he had earned during his period of incarceration, as contemplated by the statute. *See* § 33–2–34(A). Garcia would not, as the Attorney General would have us characterize, be earning credits anew at this time nor would the district court be shortening his mandatory period of probation. Rather, if Garcia prevails on the merits, the district court would merely give effect to the ninety days of Earned Meritorious Deductions that Garcia indeed earned and were forfeited. The district court might also give effect to sixty days of Earned Meritorious Deductions that Garcia could have earned while in disciplinary segregation. As noted above, we do not pass on the precise number of Earned Meritorious Deductions to

which Garcia is entitled. However, if Garcia prevails on the merits in the district court, it appears that he would be eligible for release on December 20, 2006, if not sooner.

## V.  CONCLUSION

{25} Based on the foregoing analysis, we find Garcia's claim remains a live controversy, and the district court erred in dismissing his Petition for Writ of Habeas Corpus as moot. We, therefore, reverse the district court and remand for a full hearing on the merits consistent with this opinion.

{26} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PETRA JIMENEZ MAES, EDWARD L. CHÁVEZ, Justices, and PAMELA B. MINZNER, Justice (not participating).