# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:  <u>November 13, 2014</u>

**NO.  31,049**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SIDNEY PATRICK ORTIZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee


Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**HANISEE, Judge.**

{1} This case comes to us a second time following a "limited remand" previously ordered by this Court to obtain discovery and information regarding the calculation of Defendant Sidney Patrick Ortiz's earned meritorious deductions. Following an amended judgment and order, Defendant contends that the district court erred in determining that the Earned Meritorious Deductions Act (EMDA), NMSA 1978, Section 33-2-34 (1999, amended 2006), does not apply to a term of probation, even when the probation is served during a period of incarceration on another sentence. Defendant also challenges the imposition of parole, maintaining that New Mexico law does not require him to serve multiple periods of parole on consecutive counts. We affirm the rulings of the district court.

**BACKGROUND**

{2} In May 2001, pursuant to a plea agreement, Defendant pled no contest to five felony counts of third-degree forgery, contrary to NMSA 1978, Section 30-16-10 (1963, amended 2006), in CR-01-69 (Case 69). The district court sentenced Defendant to a fifteen-year period of imprisonment. However, it suspended twelve of those years and ordered that Defendant be incarcerated for three years, followed by two years of parole to run concurrent with five years of supervised probation.

{3}      Several months later, in a separate case, CR-01-242 (Case 242), Defendant pled guilty to seven fourth-degree felonies and two misdemeanors. As a result of his previous conviction in Case 69, the district court classified Defendant as a habitual offender and sentenced him to eighteen months of incarceration on each felony count, enhanced by one year for Defendant's habitual offender status. The district court ran Counts 1, 2, and 3 consecutive to each other and concurrent with Counts 4, 5, 6, and 7. Additionally, the district court sentenced Defendant to three hundred sixty-four days for each misdemeanor. The district court suspended all but the mandatory habitual offender time, resulting in a three-year sentence to run consecutive to the sentence imposed in Case 69. Upon completion of the sentence, the district court ordered one year of mandatory parole to run concurrent with five years supervised probation. Upon his release from prison in 2004, Defendant was serving his periods of probation in Cases 69 and 242. But by 2010, Defendant had been reincarcerated on previous probation violations, and ultimately, the State filed a petition for probation revocation on both cases, alleging that Defendant had again violated the conditions of his probation. Defendant pled no contest to the violations, and the district court required him to serve the balance of his sentence, which it calculated to be eight and one-half years less seventy-eight days for the time he had already served on the prior probation violations. Following sentencing, Defendant sought

2

reconsideration by written motion to the district court, which was denied.

{4}     Defendant initially appealed imposition of his remaining suspended sentence to this Court, arguing that the district court abused its discretion in imposing the balance of Defendant's sentence as it "unfairly interfered with his life's goals and ambitions." We initially proposed summary affirmance; however, after Defendant filed a memorandum in opposition to the proposed affirmance, we referred the matter to our Appellate Mediation Office. The parties agreed to a "limited remand," during which we ordered that discovery be obtained and information gathered regarding calculation of Defendant's good-time credit.

{5}     On remand, Defendant filed a motion seeking recalculation of his sentence, arguing to the district court that it had improperly calculated his sentencing credits and failed to credit him with meritorious deductions he earned toward his probation on Case 69 while still incarcerated for Case 242. After a hearing, the district court found that "the time Defendant served was not properly credited[,]" and it ordered the Department of Corrections to calculate Defendant's credits in accordance with the district court's revised findings. However, the district court additionally found that the "Earned Meritorious Deduction Act does not apply to probation, even when the probation is served during a period of incarceration on another sentence." Defendant appeals this ruling.

3

**DISCUSSION**

**Earned Meritorious Deductions Do Not Apply to Reduce Probation Sentences**

{6}      Defendant argues that probation time served during a period of incarceration is eligible for earned meritorious deductions under the EMDA. Specifically, Defendant maintains that because the sentences for Case 69 and Case 242 were served consecutively, he served probation for Case 69 while incarcerated in Case 242, and the district court erred in refusing to apply meritorious deductions, earned while he was incarcerated on Case 242, to his probationary sentence in Case 69. In support, Defendant relies on the EMDA itself, stating that it contains a list of circumstances under which inmates are ineligible for meritorious deductions, none of which exclude relief from a sentence of probation. *See* § 33-2-34(F), (G). He additionally maintains that because the "EMDA expressly applies to inmates who have been released from an incarcera[tive] sentence but are serving in-house parole[,]" the intention of the Legislature was to apply the EMDA to non-incarcerative sentences, including probation.

{7}      Because eligibility for and the award of earned meritorious deductions are governed by statute, we must analyze whether the Legislature intended meritorious deductions acquired under the EMDA to apply to reduce a term of probation. Questions of statutory interpretation are questions of law, which we review de novo.

4

*State v. Tafoya*, 2010-NMSC-019, ¶ 9, 148 N.M. 391, 237 P.3d 693. In interpreting a statute, our task is to "ascertain and give effect to the intent of the Legislature." *Id.* ¶ 10 (internal quotation marks and citation omitted). In order to accomplish this, we look to the plain meaning of the statute; however, when "the plain meaning of the statute fails to result in a reasonable or just conclusion," we look to the legislative history and the statute's structure and function within the "comprehensive legislative scheme." *Id.* (internal quotation marks and citation omitted).

{8}     The EMDA governs prisoner eligibility for and award of good-time deductions in the state prison system.[1] Section 33-2-34; *Tafoya*, 2010-NMSC-019, ¶ 11; While incarcerated, an inmate may earn meritorious deductions through active participation in authorized prison programs and upon the recommendation of a supervisor and approval of the warden. Section 33-2-34(B). These deductions "decrease the maximum amount of time an inmate must serve in prison before being eligible for parole or release." *Tafoya*, 2010-NMSC-019, ¶ 11. While the EMDA does permit award of earned meritorious deductions for: (i) offenders who are incarcerated, (ii) those released from confinement to serve parole terms, and (iii) those confined following a revocation of parole, the act does not afford the same benefits to those

---

[1] We use the terms "meritorious deductions" and "good-time credits" interchangeably throughout our analysis in this Opinion.

serving probation while incarcerated or while released into the community. Section 33-2-34(A), (M). Thus, the plain language of the EMDA only directly manifests a legislative intent that meritorious deductions be earned by offenders who are currently incarcerated, incarcerated following parole revocation, or who have been released on parole. *Id.* Likewise, the EMDA's plain language indicates to us legislative intent that its credits and deductions apply only to periods of incarceration or parole. *Id.*; *Garcia v. Dorsey*, 2006-NMSC-052, ¶ 19, 140 N.M. 746, 149 P.3d 62.

{9} Defendant asserts that such a plain language interpretation—where earned meritorious deductions are applied to parole but not probation—creates an absurd result when both parole and probation "are served under the liberty restraints of incarceration." However, it is our Legislature that articulated a distinction between parole and probation. NMSA 1978, § 31-21-5(A), (B) (1991). "Probation" is defined as "the procedure under which an adult defendant, found guilty of a crime . . . is released by the court without imprisonment under a suspended or deferred sentence and subject to conditions[.]" Section 31-21-5(A). "Parole," on the other hand, is "the release to the community of an inmate of an institution by decision of the board or by operation of law subject to conditions imposed by the board and to its supervision[.]" Section 31-21-5(B). The key distinction is that an individual on parole, although released into the community, remains in the legal custody of the institution from

6

which that individual was released. NMSA 1978, § 31-21-10(E) (1997, amended 2009).

{10} Nonetheless, Defendant contends that legislative silence in the EMDA on the topic of probation was not intentional, but rather the result of the lack of contemplation by the Legislature due to the rarity of serving probation while incarcerated. Our Supreme Court's interpretation of the EMDA reveals otherwise. In *Garcia*, the Court determined that meritorious deductions are to be "deducted from the maximum *unsuspended* portion of a sentence for the purpose of determining a prisoner's release date and concomitant eligibility for parole." 2006-NMSC-052, ¶ 20 (emphasis added). First, we note that "probation" is defined as "a suspended or deferred sentence," and therefore, it is definitionally afield of the scope of the allowed deductions under EMDA. Section 31-21-5(A). Furthermore, we reiterate that probation is intended to be served "without imprisonment." Section 31-21-5(A). Thus, meritorious deductions applied to an inmate's probation would not serve to shorten the amount of time that individual served while imprisoned, as intended by EMDA, but rather to solely shorten an already suspended sentence. *See* § 31-21-5(A); *Tafoya*, 2010-NMSC-019, ¶ 19. We determine that this result was not intended by the

Legislature.[2]

{11} Although Defendant argues that New Mexico's dual credit system for probation and parole supports the argument that Defendant should receive good-time credits for the probation he served on Case 69 while incarcerated on Case 242, he failed to develop this argument. Defendant does not explain how New Mexico's allowance of crediting time served on parole as time served on probation warrants the application of meritorious deductions to a suspended portion of Defendant's sentence. Accordingly, we decline to review this portion of Defendant's argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

{12} Lastly, Defendant argues that under the rule of lenity, the district court is required to credit Defendant with earned meritorious deductions for his probationary sentence. "The rule of lenity counsels that criminal statutes should be interpreted in the defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute." *State v. Ogden*, 1994-NMSC-029, ¶ 25, 118 N.M. 234,

---

[2] The State argues, in part, that Defendant is not entitled to an award of meritorious deductions toward a term of probation unrelated to his incarcerative sentence as the statute "limits . . . eligibility based on the crime for which an inmate is confined for committing." *Tafoya*, 2010-NMSC-019, ¶ 12 (internal quotation marks and citation omitted). Because we determine that the EMDA does not apply to a probationary sentence, we need not address this argument.

880 P.2d 845. "[L]enity is reserved for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute."). *Id.* ¶ 26 (emphasis, internal quotation marks, and citations omitted). Because we conclude that the statute's meaning is plain and unambiguous under these circumstances, we need not consider Defendant's argument that the rule of lenity affords him relief.

**Parole Must Be Served for Each Offense, Even in Cases of Consecutive Sentences**

{13} Defendant additionally argues, pursuant to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶¶ 17-24, 103 N.M. 655, 712 P.2d 1, that he should not be required to again serve parole after he already served one period of parole. He maintains that the parole statutes do not provide for multiple parole periods to be served on consecutive counts. We note at the outset that Defendant's argument is vague and appears to be incomplete. *See Headley*, 2005-NMCA-045, ¶ 15 (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record). However, because the argument is presented to us pursuant to *Franklin* and *Boyer*, we address it to the extent we are able.

{14} Our Legislature has provided that the period of parole that follows a sentence of imprisonment "shall be deemed to be part of the sentence of the convicted person."

9

NMSA 1978, § 31-18-15(C) (1999, amended 2007). Furthermore, our Supreme Court has already determined that "in the case of consecutive sentencing, the parole period of each offense commences immediately after the period of imprisonment for that offense, and such parole time will run concurrently with the running of any subsequent basic sentence then being served." *Brock v. Sullivan*, 1987-NMSC-013, ¶ 13, 105 N.M. 412, 733 P.2d 860. Accordingly, we determine that Defendant must serve each period of parole to which he was separately sentenced by the district court.

**CONCLUSION**

{15}    For the foregoing reasons, we affirm the district court.

{16}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**