This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LETICIA LOPEZ,**

 Petitioner-Appellant,

v.             **NO. 33,354**

**JOSHUA GONZE,**

 Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Leticia Lopez
Santa Fe, NM

Pro Se Appellant

Justice Legal Group
David A. Standridge, Jr.
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Mother appeals the district court's refusal to set aside a stipulated order arising out of an agreement to settle a dispute over child support. [RP 2026, 2078] We issued a notice proposing to affirm in part and to reverse in part, and to remand for an evidentiary hearing that would examine Mother's contention that the settlement agreement and stipulated judgment should be vacated. Mother has not filed a memorandum opposing the proposed disposition, but Father has filed such a memorandum. We have carefully reviewed the arguments made in the memorandum in opposition, but for the reasons stated herein and in the calendar notice, we reverse and remand for a hearing.

{2} In our notice of proposed disposition we proposed to reverse and remand on the basis that Mother had adequately informed the district court of alleged facts and circumstances which, if believed by the district court, would have constituted gross negligence or malfeasance on the part of Mother's attorney. As we stated in the notice, such gross negligence or malfeasance may constitute grounds for avoidance of a settlement agreement. *See, e.g., Meiboom v. Watson*, 2000-NMSC-004, ¶ 33, 128 N.M. 536, 994 P.2d 1154. We proposed to hold, in essence, that the district court erred in not holding a hearing to determine whether Mother's alleged facts and circumstances were true.

2

**{3}** In response to our notice, Father first argues that Mother did not preserve the issue stated above, either at the district court level or on appeal. [MIO 2-3] Father points out that Mother never used the words "gross negligence" at the district court level or in her docketing statement and did not cite any authority discussing the concept we analyzed in the notice of proposed disposition. However, both in the materials submitted to the district court and in her docketing statement, Mother clearly and emphatically made the argument that she did not want to enter into the settlement, that she did so only because her attorney threatened her and misled her about what would happen if she rejected the settlement offer, and that she immediately regretted the settlement after entering into it and dismissed her attorney as a result. [RP 2040-42, 2048-51, 2056; DS 8-11]

**{4}** We hold that Mother's submissions were sufficient to preserve for appeal the issue of whether Mother's agreement to settle was so tainted by the egregious misconduct of her attorney that the settlement should not stand. "[T]he preservation requirement should be applied with its purposes in mind, and not in an unduly technical manner to avoid reaching issues that would otherwise result in reversal." *Gracia v. Bittner*, 1995-NMCA-064, ¶ 18, 120 N.M. 191, 900 P.2d 351. In combination with Mother's allegations concerning her attorney's misconduct, the circumstances of this case and the manner in which Mother has advanced her

arguments are sufficient to meet the requirements of the preservation rules, which are three-fold: to specifically alert the district court to claimed error so any mistake can be corrected, to allow the opposing party an opportunity to respond to the claim of error, and to create a record sufficient for review by the appellate court. *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127.

**{5}** Finally, we note that the rules requiring preservation of questions for review "are designed to do justice," *State v. Alingog*, 1994-NMSC-063, ¶ 11, 117 N.M. 756, 877 P.2d 562, and as we pointed out in the proposed notice, there is an innocent third party whose rights must be considered in this case—the party's Child, who is entitled to be supported by both parents in accordance with the parents' abilities to provide such support. A settlement that allows Father to pay less than three percent of his gross monthly income as support, when Child is in Mother's custody over fifty percent of the time, should raise red flags as to whether Child's rights were being adequately protected by the settlement, and as to the reasons Mother agreed to accept the settlement offer despite her strong reservations. Given all of the foregoing, we hold that Mother's failure to mention the words "gross negligence" or to cite specific cases analyzing that concept does not mean we should not address the issue in this appeal.

**{6}** Father next argues that Mother should lose on the merits—in other words, that she has not met the requirements for reopening a settlement-based judgment under Rule 1-060(B) NMRA. Father contends Mother has not established that she has a legitimate claim or defense, which is a requirement set out in the *Meiboom* case cited above. *See* 2000-NMSC-004, ¶ 39. At this point, however, we are not addressing the merits of Mother's request to vacate the settlement and resulting stipulated order. Instead, we are addressing only a procedural issue—the fact that Mother was denied a hearing on her motion to set aside the stipulated child support order, even though she made a sufficient preliminary showing indicating that attorney malfeasance or gross negligence may have unduly pressured her into agreeing to the settlement. Upon remand the district court remains free to address all relevant arguments the parties may present, including all arguments concerning the merits of Mother's motion. In this appeal, however, we find it premature to address those merits. *Cf. Garcia v. Dorsey*, 2006-NMSC-052, ¶ 12, 140 N.M. 746, 149 P.3d 62 (reversing and remanding case for a hearing and declining to address an issue raised by the parties because it would be premature to do so).

**{7}** Based on the discussion above and the analysis set out in our calendar notice, we reverse and remand for a hearing on Mother's motion to set aside the stipulated child support order entered in this case.

{8} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**