This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Filing Date:   March 23, 2017

**NO. S-1-SC-35912**

**CHRISTINE STUMP,**

Petitioner-Appellant,

v.

**ALBUQUERQUE POLICE DEPARTMENT,**
**NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,**
**BERNALILLO COUNTY METROPOLITAN COURT,**
**and ADMINISTRATIVE OFFICE OF THE COURTS,**

Respondents-Appellees.

**CERTIFICATION FROM THE NEW MEXICO COURT OF APPEALS**
**Clay Campbell, District Judge**

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn C. Drennan
Edward R. Ricco
Albuquerque, NM

for Appellant


Office of the City of Albuquerque
Jessica Hernandez

Kevin A. Morrow
Albuquerque, NM

for Appellee

Peifer, Hanson & Mullins, P.A.
Gregory P. Williams
Albuquerque, NM

for Amicus Curiae New Mexico Foundation for Open Government

Egolf, Ferlic & Harwood, LLC
Jamison Barkley
Santa Fe, NM

Coberly & Martinez, LLLP
Todd A. Coberly
Santa Fe, NM

Theresa Duncan
Albuquerque, NM

for Amicus Curiae New Mexico Criminal Defense Lawyers Association

## DISPOSITIONAL ORDER OF AFFIRMANCE

**VIGIL, Justice.**

{1}     This matter having come before the Court by way of Certification from the Court of Appeals pursuant to NMSA 1978, § 34-5-14(C) (1972), and each member of the Court having studied the briefs, engaged in oral argument, and being otherwise

2

fully informed on the issues and applicable law; and

{2}     The members of the Court having unanimously concurred that there is no reasonable likelihood that a decision or opinion of the Court, under the instant facts would materially advance the law of the State; and

{3}     The members of the Court having unanimously agreed to invoke the Court's discretion under Rule 12-405 (B)(2) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS THEREFORE ADJUDGED THAT:**

{4}     The underlying facts are undisputed and provide context for the Court's order. On November 27, 2008, Appellant Christine Stump (Stump), a paramedic for the Albuquerque Ambulance Services (AAS), responded to an emergency in which a female overdosed on medication in a suicide attempt. When Stump arrived at the scene, the patient was not cooperating with Albuquerque Police Department (APD) officers. As the situation between the patient and APD escalated, APD handcuffed the patient and escorted her to a transport gurney.

{5}     In an effort to secure the patient to a transport gurney, an APD officer uncuffed one of the patient's hands. At this time, APD Officer Regina Sanchez (Officer Sanchez) perceived the patient to be moving in a hostile manner which endangered

3

Stump. Officer Sanchez "pushed the patient's head and neck down." Concerned that Officer Sanchez's actions posed a threat to the patient's safety, Stump shouted at Officer Sanchez to stop what she was doing and removed Officer Sanchez's arm from the patient.

{6}     That evening, Stump was arrested at her home for battery on a peace officer, a fourth degree felony. *See* NMSA 1978, § 30-22-24 (A) (1971) ("Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his [or her] duties, when done in a rude, insolent, or angry manner."). Stump's arrest records are maintained by APD, the State of New Mexico Department of Public Safety Law Enforcement Records Bureau, and the Bernalillo Metropolitan Court.

{7}     The parties agreed to use the City of Albuquerque's Alternative Dispute Resolution Program to assure that APD and AAS could work together in future emergencies. Only Stump, Officer Sanchez, APD supervisors, AAS supervisors, and counsel participated in the negotiations. At the meeting, Stump learned that before she arrived at the scene, the patient had hit Officer Sanchez. Officer Sanchez said she saw the patient move in a manner she considered hostile. Officer Sanchez restrained the patient in an effort to protect Stump from potential physical harm.

{8}     Stump interpreted the situation differently. Stump had not considered the patient a threat. Rather, Stump thought that the patient's movements were "flailing and uncoordinated." Stump said her priority was to transport the patient to the hospital due to the seriousness of her condition and believed Officer Sanchez's actions could have jeopardized the patient's safety.

{9}     APD and AAS concluded that the conflict was a misunderstanding. To remedy this misunderstanding, the parties agreed that APD would contact the District Attorney's office to facilitate the dismissal of the charges against Stump with prejudice and would not pursue any further charges arising from the underlying incident. Additionally, APD agreed to support Stump with "the expungement process." In return, Stump agreed not to pursue a civil action so long as the charges were dropped and expungement was obtained. Stump's charges were dismissed "with prejudice because of insufficient evidence and upon the recommendation" of APD.

{10}     Stump filed a request to have all records relating to the arrest expunged with the Second Judicial District Court. Following the filing of various forms of petitions seeking to expunge her arrest records, as well as a motion for reconsideration, and a post-remand petition, the district court issued an order denying Stump's request to expunge her arrest records. The district court did not expressly recognize its inherent

authority to expunge criminal records, but concluded that the circumstances in this case did not justify "the extraordinary power of expungement." *Stump v. Albuquerque Police Department*, D-202-CV-2010-08145, Final Post-Remand Order, at 8 (Second Judicial District Court, June 23, 2015). It reasoned that "New Mexico's strong public policy in favor of transparency [is] more compelling than the consensus among the parties concerning expungement." Final Post-Remand Order, at 10.

{11} There is no statute, rule, or constitutional provision that provides for the expungement of an adult's felony record in New Mexico.[1] We are asked then to

---

[1]There have been at least eleven attempts since 2005 to pass a statute on expungement that would provide the type of relief Stump requests. S.B. 646, 47th Leg., 1st Sess. (N.M. 2005), *available at* https://www.nmlegis.gov/Sessions/05%20Regular/bills/senate/SB0646.pdf (last visited Mar. 23, 2017); S .B. 599, 48th Leg., 1st Sess. (N.M. 2007), *available at* https://www.nmlegis.gov/Sessions/07%20Regular/final/SB0599.pdf (last visited Mar. 23, 2017); S.B. 1081, 48th Leg., 1st Sess. (N.M. 2007), *available at* https://www.nmlegis.gov/Sessions/07%20Regular/bills/senate/SB1081.pdf (last visited Mar. 23, 2017); S.B. 649, 49th Leg., 1st Sess. (N.M. 2009), *available at* https://www.nmlegis.gov/Sessions/09%20Regular/final/SB0649.pdf (last visited Mar. 23, 2017); H.B. 866, 49th Leg., 1st Sess. (N.M. 2009), *available at* https://www.nmlegis.gov/Sessions/09%20Regular/bills/house/HB0866.pdf (last visited Mar. 23, 2017); S.B. 389, 50th Leg., 1st Sess. (N.M. 2011), *available at* https://www.nmlegis.gov/Sessions/11%20Regular/bills/senate/SB0389.pdf (last visited Mar. 23, 2017); S.B. 2, 50th Leg., 2nd Sess. (N.M. 2012), *available at* https://www.nmlegis.gov/sessions/12%20Regular/final/SB0002.pdf (last visited Mar. 23, 2017); S.B. 294, 51st Leg., 1st Sess. (N.M. 2013), *available at* https://www.nmlegis.gov/Sessions/13%20Regular/final/SB0294.pdf (last visited Mar. 23, 2017); H.B. 598, 51st Leg., 1st Sess. (N.M. 2013), *available at*

decide whether the district court had the inherent authority to compel expungement of Stump's criminal record, and, if so, whether it abused its discretion in concluding that the circumstances in this case were not extraordinary and did not warrant expungement.

{12}    Stump contends that the district court has the inherent authority to expunge her criminal records, and that it abused its discretion when it denied her request to do so. Specifically, Stump argues that the circumstances are extraordinary because the arrest stemmed from a misunderstanding and the parties do not contest her expungement request in district court. Whether the district court has the inherent authority to expunge criminal records is a question of law. *State v. M.D.T.*, 831 N.W.2d 276, 279 (Minn. 2013). We review questions of law de novo. *Garcia v. Dorsey*, 2006-NMSC-052, ¶ 13, 140 N.M. 746, 149 P.3d 62. We review the district court's decision to decline to invoke its inherent authority to expunge arrest records under an abuse of discretion standard. *Ballard v. Markey*, 1964-NMSC-021, ¶ 6, 73 N.M.

---

https://www.nmlegis.gov/Sessions/13%20Regular/bills/house/HB0598.pdf (last visited Mar. 23, 2017); S.B. 365, 52nd Leg., 1st Sess. (N.M. 2015), *available at* https://www.nmlegis.gov/Sessions/15%20Regular/bills/senate/SB0365.pdf (last visited Mar. 23, 2017); H.B. 531, 52nd Leg., 1st Sess. (N.M. 2015), *available at* https://www.nmlegis.gov/Sessions/15%20Regular/bills/house/HB0531.pdf (last visited Mar. 23, 2017).

437, 389 P.2d 205 ("[A district] court's decision, by virtue of its inherent power . . . will not be disturbed on appeal in the absence of a showing of abuse of discretion." (citation omitted)); *see also State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶¶ 11-12, 120 N.M. 1, 896 P.2d 1148.

{13}     Courts which recognize the inherent authority to expunge arrest records have done so sparingly and only under extraordinary circumstances. *Toth v. Albuquerque Police Dep't, City of Albuquerque*, 1997-NMCA-079, ¶ 8, 123 N.M. 637, 944 P.2d 285 (citations omitted). Stump argues that this Court implicitly exercised its inherent authority to expunge criminal records in *Concha v. Sanchez*, which provides precedent for doing so in the instant case. 2011-NMSC-031, ¶ 20, 150 N.M. 268, 258 P.3d 1060. We disagree.

{14}     In *Concha*, this Court ordered that "the contempt convictions [be] vacated and [p]etitioners' arrest and booking records expunged" in response to an unprecedented abuse of power by a judge who disregarded due process and ordered the mass arrest for criminal contempt of thirty-two courtroom spectators. 2011-NMSC-031, ¶¶ 2, 10, 20. In so ordering, this Court held that it

>        has long recognized that our superintending control jurisdiction under
>        Article VI, Section 3 of the New Mexico Constitution "will be exercised
>        if the remedy by appeal is wholly or substantially inadequate, or if the
>        exercise thereof will prevent irreparable mischief, great, extraordinary

8

> or exceptional hardship, costly delays, or unusual burdens in the form of expenses."

*Id.* ¶ 46 (citation omitted). *Concha* involved "the interrelated issues of contempt powers and limitations, courtroom control, and due process of law." *Id.* ¶ 20. Thus, the authority exercised by this Court in *Concha* originated from its constitutional responsibility to remedy an extreme injustice inflicted upon citizens stemming from the egregious conduct of a district court judge. We agree with the district court that *Concha* is "not on point and inapplicable to the issue here concerning the expungement of an arrest record." Final Post-Remand Order, at 9.

{15} Unlike *Concha*, where the petitioners were indiscriminately targeted and arrested without any individual factual particularity for the alleged offense, Stump does not argue that the criminal charges made against her were unconstitutional or unlawful. Rather, Stump asserts that the circumstances are extraordinary because the underlying arrest was based on a "misunderstanding" and because APD agreed in mediation not to oppose the request to expunge her criminal records. The district court found below, and we agree, that the Court "is not bound by the government's concession or the agreement between or among the parties." Final Post-Remand Order, at 10 (citing *State v. Caldwell*, 2008-NMCA-049, ¶ 8, 143 N.M. 792, 182 P.3d 775 ("This Court . . . is not bound by the State's concession and we conduct our own

9

analysis . . . .")).

{16}    We conclude that the district court did not abuse its discretion in denying Stump's request. The district court carefully considered Stump's position, the underlying facts and circumstances leading to her arrest, as well as the settlement negotiations and agreement reached between the parties. After doing so, it concluded that the underlying facts do not justify "the extraordinary power of expungement" and denied Stump's request for expungement. Final Post-Remand Order, at 11. Because the facts and circumstances did not reach a degree of egregiousness necessary to compel it to act, we affirm the district court.

{17}    **WE AFFIRM.**

{18}    **IT IS SO ORDERED.**


_____

**CHARLES W. DANIELS, Chief Justice**


_____

**PETRA JIMENEZ MAES, Justice**

_____
EDWARD L. CHÁVEZ, Justice


_____
BARBARA J. VIGIL, Justice


_____
JUDITH K. NAKAMURA, Justice

11