This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: June 10, 2021**

**No. S-1-SC-37709**

**STATE OF NEW MEXICO,**

     Plaintiff-Respondent,

v.

**CHRISTOPHER A. WHEELER,**

     Defendant-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe-Sommer, District Judge**

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
John Charles Bennett, Assistant Appellate Defender
Santa Fe, NM

for Defendant-Petitioner

Hector H. Balderas, Attorney General
Marko David Hananel, Assistant Attorney General
Santa Fe, NM

for Plaintiff-Respondent

## DECISION

**THOMSON, Justice.**

**{1}** Defendant Christopher A. Wheeler asks this Court to reverse his probation revocation and order his "unsatisfactory discharge designation deleted." We granted certiorari to decide whether, according to *State v. Guthrie*, there is good cause to deny a probationer the right to confront and cross-examine witnesses to an alleged, unadjudicated crime, where the allegation that the defendant broke the law is the sole

evidence that supports the revocation. *See State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904.

**{2}** *Guthrie* held that, absent a finding of good cause, probationers have "the right to confront and cross-examine adverse witnesses." *Id.* (Emphasis omitted.) In determining whether good cause exists to dispense with confrontation, the *Guthrie* Court directed that the trial court "should focus its analysis on the relative need for confrontation to protect the truth-finding process and the substantial reliability of the evidence." *Id.* ¶ 43. To resolve the question of whether the district court abused its discretion in declining to apply *Guthrie*, we first address the State's argument that because an unsatisfactory discharge does not carry justiciable collateral consequences, Defendant's challenge to his probation revocation is moot. *See Spencer v. Kemna*, 523 U.S. 1, 11 (1998).

**{3}** We need not decide whether an unsatisfactory discharge carries justiciable collateral consequences because this case raises issues that are a matter of substantial public interest and thus falls under one of New Mexico's recognized exceptions to the mootness doctrine. As to the substantive claims, we conclude that the district court abused its discretion by declining to apply *Guthrie*, resulting in a violation of Defendant's due process rights. Accordingly, we reverse and remand to the district court to vacate the Final Order on Petition to Revoke Probation and Defendant's unsatisfactory discharge. We address the error herein to provide guidance by non-precedential decision. *See* Rule 12-405(B) NMRA (allowing for disposition by non-precedential decision when the issues have already been decided by New Mexico appellate courts).

## I.    BACKGROUND

**{4}** In 2017, Defendant was granted a conditional discharge for unlawful taking of a motor vehicle and placed on probation for a term of eighteen months. One of the conditions of his probation was that he "not violate any of the laws or ordinances of the State of [New Mexico], or any other jurisdiction," or "endanger the person or property of another." Fifteen months later, the State filed a petition to revoke Defendant's probation and impose a judgement and sentence on Defendant's original charge. The only basis for the requested revocation was the allegation stated in a criminal complaint that Defendant had received new charges of shoplifting and assault.

**{5}** At the probation revocation hearing, the State only called two witnesses: Officer Mares, the responding officer, and Mario Rodriguez, a probation officer. Defense counsel objected, arguing that this violated Defendant's due process rights under *Guthrie* because neither of the witnesses had first-hand knowledge of the alleged incident. *See Guthrie*, 2011-NMSC-014, ¶ 36 ("Evidence may be inherently *unreliable* . . . when given by an unidentified, confidential source to prove certain kinds of accusations; for example, an allegation that the probationer has committed another crime must be tested in the crucible of cross examination."). The district court reserved its ruling on Defendant's *Guthrie* objections and allowed the State to proceed.

**{6}** The first to take the stand was Officer Mares, who testified that Defendant was already in handcuffs when he arrived at J.C. Penney. He also testified that his arrest of

Defendant for shoplifting and assault was based on his conversations with three witnesses, and conceded on cross-examination that he did not personally witness Defendant commit any criminal act. Officer Mares did not repeat any of the witnesses' statements out of apparent concern for producing hearsay testimony. Officer Mares did testify that the charges were still pending in the magistrate court at the time of the probation revocation hearing.

{7} The probation officer testified next, and, like Officer Mares, admitted that he had no personal knowledge of the alleged incident. His testimony was limited to the terms of Defendant's probation agreement. Based on this, and only this, the district court found that Defendant violated his probation because there was a "reasonable relationship between the fact that Defendant was arrested for shoplifting," and the term of his probation prohibiting a violation of the "laws or ordinances of the State of New Mexico." The district court revoked his probation and discharged him unsatisfactorily for failure to meet probation requirements.

{8} On appeal, Defendant's trial counsel alleged that his "due process right[s were] violated by [a] lack of confrontation . . . at the probation violation hearing," citing *Guthrie*. The Court of Appeals issued a three-paragraph calendar notice proposing to affirm on the summary calendar. Citing *Guthrie*, the proposed opinion concluded that "*Guthrie* significantly held that live testimony of probation officers or other adverse witnesses is not always required," and that "the live-witness testimony in this case was sufficient." (Internal quotation marks omitted.) Appellate counsel filed a memorandum in opposition to the proposed summary affirmance focusing on sufficiency of the evidence, rather than confrontation problems raised by *Guthrie*. The Court of Appeals then issued a memorandum opinion affirming the probation revocation without addressing *Guthrie*. *State v. Wheeler,* No. A-1-CA-37528, mem. op. ¶¶ 1, 6 (N.M. Ct. App. May 13, 2019) (non-precedential).

{9} Defendant petitioned this Court for a writ of certiorari, principally contending that there was insufficient evidence of the alleged criminal activity to revoke probation. Secondarily, he raised the question of whether the district court denied Defendant his due process right to confront and cross-examine witnesses at the probation revocation hearing. This Court granted certiorari only on the second issue.

## II. DISCUSSION

{10} We first address the State's argument that the case is moot, and then proceed to the argument on the merits.

## A. The case is not moot

{11} "A case is moot when no actual controversy exists and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted). The State argues that this case is moot because the sole injury alleged by Defendant is that he received an unsatisfactory discharge from probation, and that alone is insufficient to establish "continuing collateral

consequences." *Kemna*, 523 U.S. at 8. There was no conviction for the alleged crimes, and despite his probation revocation, the district court did not revoke Defendant's conditional discharge or impose a judgment and sentence.

{12}    In *Kemna*, the United States Supreme Court recognized that even if a defendant is not incarcerated and a sentence and probationary period has expired, a claim or controversy may still exist where "a wrongful criminal conviction has continuing collateral consequences." *Id.* (holding that parole revocation does not create continuing collateral consequences); *see also Sibron v. New York*, 392 U.S. 40, 55 (1968) (noting "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences"). In New Mexico, we have yet to decide whether probation revocation generally creates justiciable collateral consequences. However, we need not decide that issue today because, as we discuss, an exception to the mootness doctrine applies directly in this case. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 10, 132 N.M. 375, 48 P.3d 764 (stating that New Mexico courts "have established their own mootness standards").

{13}    New Mexico courts have recognized two exceptions to the mootness doctrine: the Court "may review moot cases that present issues of (1) substantial public interest or (2) which are capable of repetition yet evading review." *Cobb v. N.M. State Canvassing Bd.*, 2006-NMSC-034, ¶ 14, 140 N.M. 77, 140 P.3d 498; *see also Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 (recognizing the same two exceptions to mootness). "A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting." *Id.*; *see also Garcia v. Dorsey*, 2006-NMSC-052, ¶ 17, 140 N.M. 746, 149 P.3d 62. "An issue is capable of repetition yet evading review if the issue is likely to arise in a future lawsuit, regardless of the identity of the parties." *N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10 (internal quotation marks and citation omitted).

{14}    Defendant argues that this case presents an issue of substantial public interest "given the number of probation revocation motions filed in New Mexico's trial courts and the compelling language of *Guthrie*," and is capable of repetition yet evading review. In response, the State contends that this matter is not one of substantial public interest because the challenge to his probation revocation is not a matter of first impression and because *Guthrie* is already controlling. We agree that this case is a matter of substantial public interest because it implicates Defendant's constitutional right to due process. *See N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10. We proceed to the argument on the merits.

**B.    The district court erred in failing to apply *Guthrie* to determine whether good cause existed to dispense with confrontation**

{15}    A district court's decision to revoke probation is reviewed under an abuse of discretion standard. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10; *see also State v. Daugherty*, No. S-1-SC-32,829, ¶ 31 (Aug. 1, 2013) (non-precedential) ("We review the district court's sentencing for abuse of discretion."). "A decision that is

ordinarily discretionary but is premised on a misapprehension of law may be categorized as an abuse of discretion." *State v. Worley*, 2020-NMSC-021, ¶ 13, 476 P.3d 1212 (internal quotation marks and citations omitted).

**{16}**    Although probationers are not entitled to "the full panoply of rights due a defendant," the Due Process Clause nevertheless provides the right to confrontation and cross-examination in proceedings to revoke probation "unless the hearing officer specifically finds good cause for not allowing confrontation." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (announcing due process requirements for parole revocation); *see also Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973) (extending *Morrissey* to probation proceedings). In *Guthrie,* this Court set out a framework for determining whether a probationer retains a right to confront and cross-examine witnesses in a probation violation hearing, noting that "*Morrissey* established minimum due process requirements for probation revocation proceedings." *Guthrie*, 2011-NMSC-014, ¶ 11.

**{17}**    At a minimum, due process requires that a probationer be given a hearing before probation is revoked. *Id.* ¶ 14. The hearing must be "structured to assure that the finding of a [probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior." *Id.* ¶ 11 (first alteration in original) (quoting *Morrissey,* 408 U.S. at 484). During the hearing, the probationer also has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Guthrie,* 2011-NMSC-014, ¶ 12 (emphasis omitted) (quoting *Gagnon,* 411 U.S. at 786). Thus, there is a rebuttable presumption that a probationer has the right of confrontation.

**{18}**    The *Guthrie* Court concluded that the need for confrontation, and whether there is good cause to dispense with it, exists along a spectrum. 2011-NMSC-014, ¶ 40. Good cause must be determined on a case-by-case basis through application of factors such as: (1) whether the evidence the State seeks to introduce is "central to the reasons for revocation, or . . . collateral," *id.* ¶ 34; (2) whether "the assertion [is] contested," *id.*; (3) whether the evidence is "inherently reliable," such as hearsay that falls under a recognized hearsay exception, *id.* ¶ 36; and (4) whether hearsay evidence, if applicable, "relate[s] to objective or subjective observations," *id.* ¶ 37. In applying this analysis, "[a] court's focus should . . . be on the need for, and utility of, confrontation with respect to the truth-finding process and in light of the particular case at hand, including the specific charge pressed against the probationer." *Id.* ¶ 43.

**{19}**    When hearsay evidence is relied upon, "good cause" to dispense with confrontation will generally exist where the evidence is sufficiently reliable, such as in cases where the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate. On the other hand, hearsay evidence may not be sufficiently reliable where "evidence is contested by the defendant, unsupported or contradicted, and its source has a motive to fabricate." *Id.* ¶ 41.  These latter conditions will likely be present when a probationer is accused of committing a new crime. *See id.* ¶¶ 16, 32 (discussing cases in which confrontation was required because the alleged probation violation was a new crime). "If . . . the probationer is alleged to have *committed* a crime, but has not been convicted,

then we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required." *Id.* ¶ 38.

**{20}** Here, Defendant's probation revocation was based solely on unadjudicated criminal charges of shoplifting and assault. Further, the witnesses whose testimony provided the only evidence of his probation violation, Officer Mares and the probation officer, were not present for the alleged violation. Officer Mares testified that Defendant was already in handcuffs when he arrived at the scene. The fact that the eye-witnesses' statements were made to a police officer during the course of a criminal investigation add further uncertainty to their reliability. *See United States v. Bell*, 785 F.2d 640, 644 (8th Cir. 1986) ("While police reports may be demonstrably reliable evidence of the fact that an arrest was made, they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true." (citation omitted)). Without conducting a full analysis, we note that *Guthrie* directs that such evidence weighs against the reliability required to dispense with confrontation.

**{21}** As the fact-finder, assessing the reliability of evidence being offered in support of a probation revocation is the responsibility of the district court. We therefore hold that the district court abused its discretion by failing to apply *Guthrie* to determine whether Defendant had the right to cross-examine and confront the witnesses in his probation revocation proceeding. Finally, while *Guthrie* directs that "[d]etermining good cause . . . is based on a case-by-case analysis," *Guthrie*, 2011-NMSC-014, ¶ 33, we turn a skeptical eye towards revocation of probation based only on unadjudicated charges.

## III.    CONCLUSION

**{22}** We reverse and remand to the district court to vacate the Final Order on Petition to Revoke Probation and Defendant's unsatisfactory discharge.

**{23}   IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**BARBARA J. VIGIL, Justice**

**C. SHANNON BACON, Justice**