596 P.2d 527

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arthur MONTOYA, Defendant-Appellant.**

**No. 3822.**

Court of Appeals of New Mexico.

June 5, 1979.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. App. Defender, Carlos F. Vigil, Asst. Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The appeal involves the validity of defendant's probation revocation "hearing."

Pursuant to plea bargain, defendant pled guilty to two criminal sexual penetration offenses. The sentences imposed were sus-

pended and defendant was placed on probation. One of the conditions of probation was that defendant obey all state laws. Another condition of probation was that defendant not consume any alcoholic beverages or liquors.

The motion to revoke probation alleged that defendant had committed criminal sexual penetration and aggravated burglary. The motion also alleged defendant had consumed alcoholic beverages or liquors.

At the hearing on the motion, the trial court called defendant's attention to the probation condition prohibiting the consumption of any alcoholic beverages and liquor. The trial court stated: "I ask the Defendant, just at [sic] though it were an arraignment, to either admit or deny that." Defendant admitted a violation of this probation condition.

The trial court then inquired: "Need we proceed any further in this hearing?" Defendant insisted that he was entitled to a hearing; he asserted that defendant was led to believe, by the probation officer, that the total prohibition against consumption of alcoholic beverages applied only for a six-month period and his consumption of alcoholic beverages occurred "after" the six-month period.

Defense counsel asked "whether or not this revocation is supposed to be imposed without a hearing." The trial court said: "We've had a hearing. You have admitted a violation of the conditions of probation; so . . . nothing further is required as the Court sees it."

Section 31–21–15(B), N.M.S.A.1978 requires a hearing on the charge that probation has been violated. At that hearing, the probationer is entitled to an opportunity to explain the alleged violation. *State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (Ct. App.1968). Concerning a parole revocation, *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) states:

The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation sug-

gest that the violation does not warrant revocation.

*Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) extended the above requirement to the revocation of probation.

█ Defendant sought to explain his violation, contending that there were mitigating circumstances. In not permitting defendant to be heard as to this claim, the trial court violated defendant's right to due process.

█ The State asserts there is no reason to give defendant a new hearing because subsequent to the probation revocation hearing, defendant was convicted of the two criminal offenses alleged in the motion to revoke probation. Thus, according to the State, a remand for a new revocation hearing can afford defendant no relief. Defendant is entitled to a hearing on the question of his violation of probation. Section 31–21–15(B), supra. There is nothing indicating any revocation hearing has been held in connection with the criminal offenses alleged in the motion to revoke or that defendant has waived such a hearing. Defendant's right to a hearing is not to be avoided on the basis of the State's contention that defendant's probation will be revoked at such time as a revocation hearing is held.

The order revoking probation is reversed; the cause is remanded with instructions to conduct a new revocation hearing.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.