Argued and submitted November 23, reversed in part, affirmed in part and remanded for resentencing December 23, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## SHAUN WILLIAM FLYNN,
*Appellant.*

(22288 S & M 78045; CA A44806 (Control) & CA A44807)
(Cases consolidated)

747 P2d 376

Mark Austin Cross, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from convictions on two separate charges of driving under the influence of intoxicants, having trial court numbers M 78045 and 22288 S. The cases were consolidated for sentencing and appeal. He contends that the sentence imposed on the first charge, M 78045, was unlawful and that the court erred in assessing fees and costs without making findings as to his ability to pay those obligations in both cases. We remand for resentencing.

The charges arose out of entirely different incidents. Defendant entered pleas of guilty to the two charges in separate proceedings, and they were consolidated for sentencing. On the first charge, M 78045, defendant was placed on probation for 48 months with one condition being that he serve 365 days in jail. Five days of that sentence were suspended. Defendant contends, and the state agrees, that, under ORS 137.540(2)(a), the maximum permissible sentence on this charge, as a condition of probation, is six months.

The court also ordered that defendant pay certain fees and reimburse the state for court-appointed attorney fees in both cases. Defendant objected on the basis that the court made no determination that he was able to pay the obligations. A court has the authority to assess certain fees and costs as a condition of probation. ORS 137.106(1); ORS 161.675(2). ORS 161.665(3) provides that a court shall not sentence a defendant to pay costs unless he is or may be able to pay them. In response to defendant's objection, the court said:

> "Those are payable only upon direction of the probation officer commensurate with his financial capabilities. If he has no financial capabilities, then they will not be payable."

The statute requires the court to make a determination as to a present or future ability to pay. The court in effect ordered the assessments and then delegated to the probation officer the authority to determine defendant's ability to pay. Even though a court may use any resources available to it to collect data and make recommendations, it cannot delegate the judicial determination required by ORS 161.665(3).

The state argues that we should remand both cases so that the trial court can resentence defendant on both charges. It argues that the court should be allowed to fashion a new

sentence, because, in sentencing the two cases together, it obviously constructed a complete sentencing scheme. It follows, the state argues, that the court should be allowed to impose a six-month sentence on each charge and thereby impose the total incarceration originally intended. Defendant contends that the cases are separate, did not arise out of the same episode and should be treated separately on appeal and on resentencing.

We agree with defendant. The cases were consolidated for sentencing as a convenience to defendant and the court. That fortuitous circumstance does not permit the court to resentence on both cases when only one sentence is unlawful.

The conditions of probation in M 78045 that defendant serve 365 days in jail and pay certain fees and costs reversed and the case remanded for resentencing; the condition of probation in 22288 S that defendant pay certain fees and costs reversed and the case remanded for resentencing; otherwise both judgments affirmed.