## STATE OF OREGON,
*Respondent,*

*v.*

## KEITH L. STRATTON,
*Appellant.*

(88-1479M, 88-1598M; CA A60436 (Control), A60437)
(Cases Consolidated)

783 P2d 41

Henry M. Silberblatt, Salem, argued the cause for

appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant appeals two convictions for driving under the influence of intoxicants. ORS 813.010. He contends that the court erred in imposing conditions of probation that he pay restitution, fines and the cost of his court-appointed attorney. We affirm.[1]

Defendant pleaded guilty to the charges and was placed on five years probation for each conviction. As a condition of one probation, the court ordered defendant to pay a total of $1,518 in restitution for damages resulting from a vehicular accident. It also ordered that he pay certain fines and reimburse the state for court-appointed attorney fees as conditions of both probations.[2]

■ He first contends that restitution was improper, because there is no causal relationship between the criminal act of driving under the influence of intoxicants and the damages. A court may order restitution to victims of criminal acts pursuant to ORS 137.106(1):

> "When a person is convicted of criminal activities which have resulted in pecuniary damages, * * * the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

The prerequisites for imposing restitution under that provision include criminal activity, pecuniary damages and a causal relationship between the two. *State v. Dillon,* 292 Or 172, 181, 637 P2d 602 (1981). Defendant does not dispute the existence of the first two. He argues that a causal relationship is absent, because pecuniary damages do not necessarily result from the crime of driving while intoxicated, and he did not admit that he was at fault in the accident.

---

[1] We review defendant's challenges to the conditions of probation under ORS 138.040. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

[2] In one judgment, the court imposed restitution and a $1,500 fine; in the other, it imposed a $2,000 fine. The court also ordered that defendant reimburse the state for $315 in court-appointed attorney fees as part of the probation conditions for both convictions.

■        Even if we were to agree, the record nonetheless contains evidence to support the order of restitution. The other person involved in the accident testified at the sentencing hearing that he was driving in the left hand lane and defendant was in the lane to his right. Defendant then turned his vehicle into the passenger side of the victim's vehicle. We conclude that those facts, which defendant does not dispute, show that defendant was at fault.

        Defendant next contends that he was entitled to a civil jury trial on the issue of restitution, because the matter was equivalent to a civil negligence proceeding. He also argues that a criminal jury determination is required, because restitution is an enhanced penalty. The Supreme Court has already determined that neither a civil nor criminal jury determination is a prerequisite for imposition of restitution. *State v. Hart,* 299 Or 128, 699 P2d 1113 (1985).

■        Defendant argues that *Hart* is not applicable, because the crime in that case required a jury determination that the defendant had intended to cause the injury for which restitution was ordered. However, the holding of *Hart* is based on the fact that imposition of restitution is not a "civil" proceeding and the amount of any restitution is not an element of the underlying crime. *Hart* is applicable in ordering restitution for injuries arising from the crime of driving under the influence of intoxicants.

■        Defendant's final contention is that the court failed to consider his ability to pay restitution, fines and court-appointed attorney fees. *See* ORS 137.106(2); *State v. Flynn,* 89 Or App 47, 747 P2d 376 (1987). The court specifically found that defendant was currently disabled but that he would nonetheless have the capacity to pay the obligations in the future, because his condition was not permanent. Accordingly, the court adequately considered defendant's ability to pay.

        Affirmed.