1997-NMCA-123

950 P.2d 293

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Yolanda CARRASCO, Defendant–Appellant.**

**No. 16786.**

Court of Appeals of New Mexico.

Nov. 7, 1997.

a bomb having been placed in a public location. The central issue presented on appeal is whether the trial court had jurisdiction to enter an order determining that Defendant failed to satisfy the obligations of her probation and directing that she receive an unsatisfactory discharge from probation. Other issues raised in the docketing statement and not briefed on appeal are deemed abandoned. *See State v. Pettigrew*, 116 N.M. 135, 137–38, 860 P.2d 777, 779–80 (Ct.App.1993). Reversed and remanded.

## FACTS

2. Defendant pleaded guilty on August 15, 1994, to the charge of making a bomb scare, contrary to NMSA 1978, Section 30–20–16 (1981), at Carlsbad Caverns National Park in Carlsbad, New Mexico. Following the entry of her plea, the trial court found Defendant guilty of a fourth-degree felony, imposed a sentence of eighteen months imprisonment, but suspended all of the sentence except for ninety days to be served at the Eddy County jail. The judgment and sentence entered on September 29, 1994, also provided that "Defendant shall make restitution to the victim in this case in an amount to be determined at a later date" and "Defendant shall pay probation costs not to exceed $25.00 per month." An order of probation was entered on March 1, 1995, detailing general conditions of Defendant's probation, and also directing that she "pay restitution, as directed by [her] Probation Officer in the amount . . . to be determined."

3. On August 4, 1995, approximately ten months after entry of the judgment and sentence, the trial court held a hearing to determine the amount of restitution that should be paid by Defendant. Thereafter, on August 11, 1995, the trial court entered an order requiring Defendant to pay restitution in the amount of $4,302.75 to the United States Department of the Interior, Carlsbad Caverns National Park, and directing that "the Department of Probation and Parole shall determine the Defendant's ability to pay . . . restitution and set up a payment schedule that is reasonable to all parties." Defendant filed a timely appeal from the restitution order on September 11, 1995.

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Phyllis H. Subin, Chief Public Defender, Nina Lalevic, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

DONNELLY, Judge.

1. Defendant appeals from an order directing the payment of restitution for damages incurred as a result of a false report of

4. On January 31, 1996, during the pendency of her appeal from the restitution order, Defendant filed a motion with the trial court seeking to modify the restitution order and the terms of her probation. Following a hearing on Defendant's motion, the trial court entered an order and certificate dated February 12, 1996, finding that "the period of probation has expired and the defendant has not fulfilled the obligations of ... probation," and specifying that Defendant should receive an unsatisfactory discharge from probation.

## DISCUSSION

5. Defendant argues that the order and certificate decreeing that she failed to comply with the terms of her probation and that she be given an unsatisfactory discharge, deprived her of due process because the court failed to inquire into and determine her ability to pay restitution, and the court failed to provide her with notice and an opportunity to be heard on the type of discharge which should be issued.

■ 6. In reviewing this argument, we first address a jurisdictional question, namely, whether at the time the trial court conducted the hearing on the issue of Defendant's compliance with the restitution order,[1] and whether at the time the trial court issued its order of unsatisfactory discharge, it had jurisdiction to consider and rule upon such matter. The State concedes, and we agree, that the trial court was without jurisdiction to take such action because the trial court was deprived of jurisdiction during the pendency of Defendant's appeal to this Court. *See State ex rel. Bell v. Hansen Lumber Co.,* 86 N.M. 312, 313, 523 P.2d 810, 811 (1974) (following filing of notice of appeal, district court is divested of jurisdiction except for purpose of perfecting appeal and passing on pending motions); *State v. Garcia,* 99 N.M.

466, 469–70, 659 P.2d 918, 921–22 (Ct.App. 1983) (during pendency of appeal, trial court is divested of jurisdiction). *See generally* George Blum, Annotation, *Filing of Notice of Appeal as Affecting Jurisdiction of State Trial Court to Consider Motion to Vacate Judgment,* 5 A.L.R.5th 422 (1992).

7. Although resolution of this issue renders the order and certificate of unsatisfactory discharge invalid, in the interest of judicial economy, we address the due process issue briefed by the parties, since it is likely to reoccur following remand to the trial court.

■ 8. Examination of the record fails to indicate whether the trial court premised its order specifying that Defendant be awarded an unsatisfactory discharge on her alleged failure to pay restitution, her failure to pay the costs of probation, or both. The State argues that, under the circumstances presented here, there can be no infringement of Defendant's due process rights because the order finding that Defendant was entitled to an unsatisfactory discharge did not cause any increase in, or other modification to, the initial sentence imposed by the trial court. We find this argument unpersuasive. Defendant points out that the effect of the order decreeing that she be awarded an unsatisfactory discharge is to materially delay and restrict her right to apply for an executive pardon or certificate restoring her rights of citizenship.[2] We agree with Defendant that, under the circumstances presented here, the issuance of an order determining that she be discharged from probation with an unsatisfactory discharge for failure to comply with the terms of her probation implicates her due process rights. As observed in *State v. Lack,* 98 N.M. 500, 506, 650 P.2d 22,. 28 (Ct.App. 1982), prior to entering an order requiring the payment of restitution, a trial court is

---

**1.** NMSA 1978, Section 31–17–1(A) (1993) provides in applicable part: "It is the policy of this state that restitution be made by each violator of the *Criminal Code* ... *to the extent that the* defendant is reasonably able to do so."

**2.** As observed in NMSA 1978, Section 31–20–8 (1977), the decision as to whether a defendant is entitled to a pardon restoring him or her to full rights of citizenship is a matter entrusted to the discretion of the governor. Under the Executive Clemency Guidelines promulgated by Governor

Gary Johnson dated August 1, 1995, individuals who have been convicted of a fourth-degree felony and who have received a satisfactory discharge from supervision are not eligible to be considered for an executive pardon until five years after their discharge. Individuals who have received an unsatisfactory discharge from supervision are not eligible to be considered for a pardon for an additional two years or a total of seven years following their discharge.

required to review the defendant's plan of restitution and the recommendations of the defendant's parole or probation officer. Thereafter, the court "is required to enter an order approving, disapproving, or modifying the plan *after considering each of the factors enumerated in [NMSA 1978, Section 31–17–1(D) (1977)] including determination of the defendant's ability to pay restitution and the times and amounts of restitution payable.*" *Id.* (emphasis added); *see also State v. Whitaker,* 110 N.M. 486, 493–94, 797 P.2d 275, 282–83 (Ct.App.1990) (court must determine defendant's capacity to pay before imposing a deadline for payment); *State v. Parsons,* 104 N.M. 123, 126–27, 717 P.2d 99, 102–03 (Ct. App.1986) (prerequisite for determining whether defendant violated terms of probation is finding of whether failure to pay was willful). It is undisputed that no hearing or determination was made by the trial court concerning Defendant's ability to pay. In a letter to counsel dated February 1, 1996, Judge Jay W. Forbes stated that if Defendant was to pay restitution in equal installments over the period of her probation, "her payment would be $286.85 per month, which could well be a back-breaker."

■ 9. The restitution order entered by the trial court directed that the Department of Probation and Parole determine Defendant's ability to pay restitution. Although the trial court may request that an inquiry into Defendant's ability to pay be made by a probation officer, it is mandatory that the actual determination of Defendant's ability to pay be made by the court. *See State v. Flynn,* 89 Or.App. 47, 747 P.2d 376, 377 (1987) (trial court may not delegate to probation officer determination of defendant's ability to pay obligations imposed by court); *cf. Lack,* 98 N.M. at 507, 650 P.2d at 29 (amount of restitution and time of payment must be set by court and not be left to discretion of probation authorities).

■ 10. Defendant also argues that the trial court erred in conducting a hearing and issuing its order on the issue of whether or not she had complied with the terms and provisions of the restitution order and the type of discharge she should be accorded, because the trial court failed to give notice that such matter would be considered by the court at its hearing on February 7, 1996. Although in probation revocation proceedings a defendant is not entitled to the full panoply of rights accorded to a defendant in a criminal trial, *see State v. Sanchez,* 109 N.M. 718, 719, 790 P.2d 515, 516 (Ct.App.1990), nevertheless, a defendant is entitled to notice and an opportunity to be heard on the issue of whether he or she has complied with the conditions of probation and whether he or she should receive a certificate of unsatisfactory discharge, *see Lack,* 98 N.M. at 507, 650 P.2d at 29 (notice to parties and an opportunity to be heard concerning defendant's ability to pay restitution is mandatory). *Cf. State v. Lozano,* 1996 NMCA 075, ¶ 12, 122 N.M. 120, 921 P.2d 316 (order of restitution subject to challenge if defendant is not informed that restitution may be imposed and he or she is not given opportunity to controvert amount of restitution); *State v. Montoya,* 93 N.M. 84, 85, 596 P.2d 527, 528 (Ct.App.1979) (probationer is entitled at probation hearing to an opportunity to explain alleged probation violation). Absent a valid order imposing restitution, an order of unsatisfactory discharge from probation predicated upon a failure to pay restitution is subject to challenge by a defendant.

## CONCLUSION

11. The trial court lacked jurisdiction to conduct a hearing and issue an order determining that Defendant should be given an unsatisfactory discharge from probation during the pendency of this appeal. Reversed and remanded.

12. IT IS SO ORDERED.

BOSSON and ARMIJO, JJ., concur.