GARCIA, Judge (specially concurring) {48} I concur in the result reached by the majority in this case, but I disagree with the majority’s extension of Duran to appeals involving the revocation of a convicted defendant’s probation. 105 N.M. at 232, 731 P.2d at 375; see Majority Opinion ¶¶ 9, 13-20. I agree that a limited due process right to counsel does arise in certain case-by-case circumstances for probation revocation hearings under Gagnon, 411 U.S. at 790. See Barnett, 90 N.M. at 634, 567 P.2d at 483; Majority Opinion ¶ 11. However, a defendant’s liberty interest while on probation is correctly identified as a conditional liberty interest and not the type of fundamental or absolute liberty interest arising from a conviction or other fundamental circumstances. See Guthrie, 2011-NMSC-014, ¶ 14. This conditional liberty interest cannot be equated with the fundamental liberty interest at stake in Duran. {49} The minimum due process right that a probationary defendant is entitled to assert may necessitate the appointment of counsel during certain probation violation/revocation hearings. Barnett, 90 N.M. at 634, 567 P.2d at 483. However, an automatic per se right to appeal the district court’s probation revocation decision should not result from such a minimal due process right. This does not leave a defendant without recourse or a remedy. {50} We recognize that a defendant has the right to appeal from a revocation of probation. See State v. Montoya, 93 N.M. 84, 85, 596 P.2d 527, 528 (Ct. App. 1979) (appealing the validity of a defendant’s probation revocation hearing); State v. Brusenhan, 78 N.M. 764, 765, 438 P.2d 174, 175 (Ct. App. 1968) (recognizing the defendant’s right to appeal the revocation of his probation under the rules and statutory provisions in existence at that time). If a defendant chooses to appeal and notifies his trial counsel that he desires to appeal, trial counsel can be found ineffective if a notice of appeal is not timely filed on defendant’s behalf. See Evitts, 469 U.S. at 396-97; State v. Torres, 2012-NMCA-026, ¶ 6, 272 P.3d 689, cert. granted, 2012-NMCERT-003, 293 P.3d 185. The existing rules and judicial precedent protect a defendant under these circumstances. However, where a defendant never notifies his trial counsel of the desire to appeal his revocation of probation or only notifies his counsel of the desire to appeal after the time for an appeal has run, such circumstances should not establish a conclusive per se presumption of ineffective assistance of counsel. We have no procedure in place for probation revocation decisions that are comparable to the written affidavit requirement under Rule 5-702 where a defendant waives his constitutional right to appeal a criminal conviction entered by the district court. The majority would extend the per se presumption established under Dura?i to this particular circumstance, and I disagree. It should not be assumed that every defendant desires to appeal every revocation of probation unless counsel is notified of the defendant’s desire to appeal, and our appellate courts should not be required to accept every probation revocation case where a notice of appeal was not timely filed. Due process should not be expanded to provide such a per se right as the majority has now concluded. TIMOTHY L. GARCIA, Judge