This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41750

**ROBERT F. DILLEY,**

Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS DEPARTMENT, BERNALILLO COUNTY DISTRICT ATTORNEY'S OFFICE, and SECOND JUDICIAL DISTRICT COURT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jason Lidyard, District Court Judge**

Law Office of Stephen B. Waller, LLC
Stephen B. Waller
Albuquerque, NM

for Appellant

Alcaraz Law, P.A.
Jordi Kandarian
Jason R. Alcaraz
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This appeal is before this Court on remand from certification under Rule 12-606 NMRA to our Supreme Court. Our Supreme Court held this matter in abeyance pending the Court's disposition in *Bolen v. New Mexico Racing Commission*, 2025-NMSC-034,

578 P.3d 1121. Our Supreme Court having issued an opinion in *Bolen* on June 2, 2025, the Supreme Court remanded this appeal to this Court for further proceedings consistent with *Bolen.* We now address the issues raised by Plaintiff Robert F. Dilley, in light of our Supreme Court's opinion in *Bolen*, and affirm.

{2}      Plaintiff appeals from the district court's dismissal of his complaint for money damages under the New Mexico Civil Rights Act (CRA), NMSA 1978, §§ 41-4A-1 to -13 (2021).[1] Plaintiff, the victim of a felony, sued the Second Judicial District Court, the Bernalillo County District Attorney's Office, and the New Mexico Corrections Department (NMCD) (collectively, Defendants). Plaintiff alleges in his complaint that a judge in the Second Judicial District Court, prosecutors in the Bernalillo County District Attorney's Office, and a probation officer employed by the NMCD each failed to ensure that that an order of restitution was entered by the district court before the criminal defendant responsible for Plaintiff's injuries was released from probation. As required by Section 41-4A-3(C) of the CRA, Plaintiff sued only the public bodies under whose authority the judge, prosecutor, and probation officer acted. Plaintiff's complaint relies on Article II, Section 24(A)(8) of the New Mexico Constitution, a section of the Bill of Rights, which establishes the right of the victims of certain listed crimes to receive restitution from the criminal defendant who caused their injury. *See* NMSA 1978, § 31-17-1 (2005) (implementing victim restitution statute). The sole issue raised by Plaintiff on appeal is whether common law absolute judicial immunity, including prosecutorial immunity and immunity for probation officers and others acting as an arm of the court, extends to the public bodies on whose behalf the judges, prosecutors, and probation officers serve.

{3}      We conclude that our Supreme Court's holding in *Bolen* that common law judicial immunity is a defense available to public bodies that are defendants under the CRA applies to this case. *See Bolen*, 2025-NMSC-034, ¶ 48. We therefore affirm the district court's dismissal of the complaint in this matter. We briefly explain our reasoning.

{4}      Plaintiff was the victim of the crime of great bodily injury by vehicle in March 2014, a crime that is included in the constitutional provision giving victims of certain crimes a right to restitution. *See* N.M. Const. art. II, § 24(A)(8). The criminal defendant who committed the crime that injured Plaintiff was prosecuted by the Bernalillo County District Attorney's Office and, following her conviction, was required by an order entered by a judge in the Second Judicial District Court to pay restitution "as determined by the probation authorities." A probation officer was assigned to the criminal defendant by the NMCD's probation office to develop a restitution plan and make a recommendation to the district court as to the amount and schedule of payment.

{5}      The New Mexico Constitution's Bill of Rights, Article II, Section 24(A)(8), provides in relevant part that a victim of certain felonies, including great bodily injury by vehicle, the crime which injured Plaintiff, "shall have . . . the right to restitution from the person convicted of the criminal conduct that caused the victim's loss or injury." The

---

[1] This appeal concerns only the dismissal of Plaintiff's claim for damages—Counts I, II, III, IV, and IX of the first amended complaint.

constitution requires the Legislature to enact implementing legislation prior to the provision becoming effective. *See* N.M. Const. art. II, § 24(C). The Legislature enacted Section 31-17-1 setting forth the procedure to be followed after a criminal conviction to require a criminal defendant to pay restitution. Section 31-17-1 assigns to the trial court, as part of the court's sentencing procedure, the role of deciding whether restitution is required, and setting the amount and conditions of restitution by court order. Section 31-17-1(B). The criminal defendant's probation officer is charged with preparing a plan of restitution, and recommending to the trial court an amount and schedule of repayment. Section 31-17-1(B), (C); *see State v. Carrasco*, 1997-NMCA-123, ¶ 9, 124 N.M. 320, 950 P.2d 293 ("Although the trial court may request that an inquiry into [the d]efendant's ability to pay be made by a probation officer, it is mandatory that the actual determination of [the d]efendant's ability to pay be made by the court.").

{6}     The trial court, after reviewing the probation officer's recommendation, is charged with entering an order either approving the plan, disapproving it, or modifying it based on the policy guidance provided by the statute. Section 31-17-1(C). The victim of the crime is permitted to enforce the court's order to pay restitution against the criminal defendant in the same manner as a civil judgment. Section 31-17-1(D).

{7}     Section 41-4A-3(B) of the CRA provides that "[a] person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court."

{8}     Plaintiff's complaint for violation of the CRA alleges that the judge in the Second Judicial District Court, who was required by statute to enter an order of restitution as part of the criminal defendant's sentence under the New Mexico Constitution's Bill of Rights, failed to do so; the prosecutor assigned to the case by the Bernalillo County District Attorney's Office failed to pursue the order in a scheduled court hearing, and did not reschedule the hearing despite a request from the court to do so; and the probation officer assigned to the criminal defendant responsible for Plaintiff's injuries failed to timely seek a restitution order from the trial court. Plaintiff's complaint also alleges that all three failed to adequately inform Plaintiff of the progress of the restitution plan, as allegedly required by Article II, Section 24(9) of the New Mexico Constitution. Plaintiff claims in his complaint that these actions and omissions caused him to be deprived of his rights and privileges under the New Mexico Constitution's Bill of Rights, thereby violating the CRA.

{9}     The three public bodies that Plaintiff named in the complaint—the Second Judicial District Court, the Bernalillo County District Attorney's Office, and the NMCD—filed a joint motion to dismiss the complaint on the basis that each defendant public body was protected by absolute common law judicial immunity. Defendants argued that Section 41-4A-10 of the CRA, which specifically provides that the waiver of sovereign immunity in Section 41-4A-9 "shall not abrogate judicial immunity, legislative immunity,

or any other constitutional, statutory, or common law immunity" applied to public body defendants, and that public bodies were equally entitled to absolute common law immunity as were the individuals—the judge, the prosecutor, and the probation officer—who acted on behalf of or under color of law for the public bodies.

**{10}**    The district court agreed, concluding that under the facts pleaded in the complaint, judicial immunity plainly applied to the conduct of the individuals who acted on behalf of each public body, and that the public bodies who are the defendants in a CRA case are equally entitled to absolute judicial immunity if the individuals who acted on their behalf would be entitled to such immunity. The district court relied on Section 41-4A-10 of the CRA.

**{11}**    Plaintiff makes three arguments on appeal: (1) "absolute immunity appl[ies] only to *individuals* rather than to judicial or other governmental entities"; (2) no immunity of any sort other than sovereign immunity is available to public bodies by analogy to federal official-capacity claims under 42 U.S.C. § 1983; and (3) as a matter of public policy, the Legislature's choice to provide a remedy for violations of the bill of rights in the CRA outweighs the policy interests protected by judicial immunity.

**{12}**    An order granting or denying a motion to dismiss raises a question of law that we review de novo. *Garcia v. Dorsey*, 2006-NMSC-052, ¶ 13, 140 N.M. 746, 149 P.3d 62. Questions of immunity and issues of statutory interpretation are also reviewed de novo by this Court. *See Hunnicutt v. Sewell*, 2009-NMCA-121, ¶ 8, 147 N.M. 272, 219 P.3d 529 (reviewing question of immunity); *Morris v. Brandenburg*, 2016-NMSC-027, ¶ 14, 376 P.3d 836 (reviewing question of statutory interpretation).

**{13}**    All three of the arguments raised by Plaintiff on appeal are directly addressed by our Supreme Court's opinion in *Bolen*. First, *Bolen* holds that "a public body may raise judicial immunity as an affirmative defense to claims brought pursuant to the CRA." 2025-NMSC-034, ¶ 2. Second, *Bolen* reviews and rejects the analogy to 42 U.S.C. § 1983 argued by Plaintiff, noting that although the CRA, like § 1983, waives sovereign immunity for civil rights actions under the statute, the CRA, unlike § 1983, "explicitly preserves other immunity defenses," *Bolen*, 2025-NMSC-034, ¶ 14, by providing in Section 41-4A-10 of the CRA that the CRA's "'prohibition on the use of the defense of qualified immunity pursuant to [Section 41-4A-4 of the CRA] and the waiver of sovereign immunity pursuant to [Section 41-4A-9 of the CRA] *shall not abrogate judicial immunity, legislative immunity or any other constitutional, statutory or common law immunity.*'" *Bolen*, 2025-NMSC-034, ¶ 14 (quoting § 41-4A-10 (emphasis added)). The *Bolen* Court relies on this plain statutory language, deciding that Section 41-4A-10 of the CRA would be "meaningless" if it prohibited common law immunity defenses when asserted by a public body, since only public bodies are subject to suit under the CRA. *Bolen*, 2025-NMSC-034, ¶ 20; *see* § 41-4A-3(C) (limiting the defendants in a CRA action to public bodies).

**{14}**    Third, our Supreme Court also addresses the policy argument raised as Plaintiff's final argument on appeal. *Bolen* rejects the argument that policy considerations require

limiting judicial and the other related common law immunities to individuals only. The Court concludes that the policy reasons for judicial immunity, including the related judicial or quasi-judicial immunity for prosecutors in the performance of their duties of advocacy in court, and for probation officers when functioning as an arm of the court, are primarily intended to protect the *judicial function*—the office and not the person. *See Bolen*, 2025-NMSC-034, ¶¶ 18, 22, 25. *Bolen* holds that judicial immunity properly applies to the public bodies on whose behalf judges, prosecutors, and probation officers act, so long as the judges, prosecutors, and probation officers are "participat[ing] in the adjudicatory process," *id.* ¶ 24 (internal quotation marks and citation omitted), and "performing a judicial function," *id.* ¶ 33. The Court notes that "[i]f we were to hold that judicial immunity protects individuals but not entities, then litigants who are dissatisfied with a judge's order could circumvent the purpose and effects of the doctrine simply by suing the judicial entity instead of an individual judge." *Id.* ¶ 25. The Court concludes that this is not what the Legislature intended. *See id.*

**{15}** Additionally, our Supreme Court acknowledges the possibility of some conflict between the purpose of the CRA—providing a remedy to those deprived of constitutional rights—and the purpose of absolute judicial immunity: protecting the integrity of the court and those performing a judicial function integral to the court proceedings. *Id.* ¶ 32. The Court expresses its confidence that these interests can be balanced as long as the absolute judicial privilege is limited to persons, and to the public entities that employ them, that are participating in the adjudicatory process or performing judicial functions. *See id.* (stating that "judicial immunity can be applied consistently with the CRA if it is tailored to promote the doctrine's underlying rationale").

**{16}** Plaintiff has not challenged the district court's conclusion that under the pleaded facts, all three individuals who were acting respectively on behalf of the Second Judicial District Court, the Bernalillo County District Attorney's Office, and the NMCD, were either directly performing a judicial function (in the case of the judge); were engaging in conduct associated with the judicial phase of an active criminal case in state district court (in the case of the prosecutor); or serving as an extension or arm of the court (in the case of the probation officer).[2]

**{17}** We affirm the district court's order dismissing Plaintiff's CRA claims.

**{18} IT IS SO ORDERED.**

---

2We note that unlike *Bolen*, this appeal does not involve a claim of quasi-judicial immunity for administrative proceedings, where further inquiry may be required to determine whether the adjudicatory proceeding "shares enough of the characteristics of the judicial process to warrant the extension of judicial immunity to the proceedings and (2) whether the conduct at issue consists of a judicial function." *See Bolen*, 2025-NMSC-035, ¶ 38; *see also id.* ¶¶ 44-47 (remanding for limited factual inquiry). In contrast to *Bolen*, in this case the claims arise in the context of a criminal case proceeding in state district court before a district court judge. Judicial immunity for the judge, the prosecutor, and the probation officer under the circumstances pleaded is settled law, reaffirmed in our Supreme Court's opinion in *Bolen*. *See* 2025-NMSC-034, ¶ 24 (providing immunity to judges and prosecutors participating in a court proceeding); *id.* ¶ 35 (extending immunity to probation officers acting as an arm of the court).

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**