This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41750**

**ROBERT F. DILLEY,**

       Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS DEPARTMENT, BERNALILLO COUNTY DISTRICT ATTORNEY'S OFFICE, and SECOND JUDICIAL DISTRICT COURT,**

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jason Lidyard, District Court Judge**

Law Office of Stephen B. Waller, LLC
Stephen B. Waller
Albuquerque, NM

for Appellant

Alcaraz Law, P.A.
Jordi Kandarian
Jason R. Alcaraz
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Having reviewed Plaintiff Robert F. Dilley's timely motion for rehearing and the extensive briefing in support and in opposition to rehearing filed by the parties, the

opinion filed on January 22, 2026, is hereby withdrawn and this opinion is substituted in its place. The motion for rehearing is otherwise denied.

**{2}** This appeal is before this Court on remand from certification under Rule 12-606 NMRA to our Supreme Court. Our Supreme Court held this matter in abeyance pending the Court's disposition in *Bolen v. New Mexico Racing Commission*, 2025-NMSC-034, 578 P.3d 1121. After issuing an opinion in *Bolen* on June 2, 2025, the Supreme Court remanded this appeal to this Court for further proceedings consistent with *Bolen.* We now address the issues raised on appeal by Plaintiff in light of our Supreme Court's opinion in *Bolen*, and affirm.

**{3}** Plaintiff appeals from the district court's dismissal of his complaint for money damages under the New Mexico Civil Rights Act (CRA), NMSA 1978, §§ 41-4A-1 to -13 (2021).[1] Plaintiff sued the Second Judicial District Court, the Bernalillo County District Attorney's Office, and the New Mexico Corrections Department (NMCD) (collectively, Defendants). Plaintiff, the victim of a felony, alleges that a judge or judges in the Second Judicial District Court, prosecutors in the Bernalillo County District Attorney's Office, and probation officers employed by the NMCD failed, individually and collectively, to ensure that that an order of restitution was entered by the district court before the criminal defendant responsible for Plaintiff's injuries was released from probation.

**{4}** As required by Section 41-4A-3(C) of the CRA, Plaintiff sued only the public bodies under whose authority the judges, prosecutors, and probation officers acted. Plaintiff's complaint claims a violation of Article II, Section 24(A)(8) of the Bill of Rights of New Mexico Constitution, which establishes a right to restitution for the victims of certain listed crimes.[2] The primary issue raised by Plaintiff on appeal is whether common law absolute judicial immunity, for judges, for prosecutors, and for probation officers and others acting as an arm of the court in adjudicatory proceedings extends to the public bodies on whose behalf the judges, prosecutors, and probation officers serve. In his motion for rehearing, Plaintiff claims, among other things, that his complaint states a claim against Defendants for conduct by known or unknown persons that would be considered "administrative acts," *see Bolen*, 2025-NMSC-034, ¶ 41, and that remand is required to allow Plaintiff to develop factual support for this claim.

**{5}** We conclude that our Supreme Court's holding in *Bolen* that common law judicial immunity is a defense available to public bodies that are defendants under the CRA applies to all of the public bodies sued in this case. *See Bolen*, 2025-NMSC-034, ¶ 48. The acts and omissions committed by judges in the Second Judicial District Court, prosecutors in the Bernalillo County District Attorney's Office, and probation officers employed by the NMCD allegedly in violation of Plaintiff's constitutional and statutory

---

[1]This appeal concerns only the dismissal of Plaintiff's claims for damages—Counts I, II, III, IV, and IX of the first amended complaint.

[2]Plaintiff's amended complaint also asserts counts for deprivation of rights under Article II, Section 24(A)(2), (9) and Article II, Section 18 of the New Mexico Constitution. These counts focus on Defendants' failure to take adequate steps to ensure that Plaintiff received restitution. Our analysis thus applies to all of the counts of Plaintiff's complaint that Plaintiff argues were improperly dismissed.

right to restitution were all committed by judges and prosecutors in the context of an adjudicatory proceeding, and, in the case of probation officers, by persons serving in a role integral to the judicial process. We therefore affirm the district court's dismissal of the complaint in its entirety. We explain our reasoning.

## I.       The Law Governing Payment of Restitution by a Criminal Defendant

{6}       The New Mexico Constitution's Bill of Rights, Article II, Section 24(A)(8), provides that a victim of certain felonies, including great bodily injury by vehicle, the crime which injured Plaintiff, "shall have . . . the right to restitution from the person convicted of the criminal conduct that caused the victim's loss or injury." The constitution requires the Legislature to enact implementing legislation prior to the provision becoming effective. *See* N.M. Const. art. II, § 24(C). The Legislature enacted NMSA 1978, Section 31-17-1 (2005) setting forth the procedure to be followed after a criminal conviction to require a criminal defendant to pay restitution. Section 31-17-1 assigns to the district court, as part of the court's sentencing authority, the role of deciding whether restitution is required, and, if the court decides it is, entering a court order setting the amount and conditions of payment. Section 31-17-1(B), (C). The criminal defendant's probation officer or officers, employees of the Probation and Parole Division of NMCD, are charged by statute with assisting the criminal defendant to prepare a plan of restitution, and then promptly submitting the plan to the court, along with the probation officer's recommendation as to the amount and conditions of payment.. *See* § 31-17-1(B), (C), (E); *see also State v. Carrasco*, 1997-NMCA-123, ¶ 9, 124 N.M. 320, 950 P.2d 293 ("Although the [district] court may request that an inquiry into [the d]efendant's ability to pay be made by a probation officer, it is mandatory that the actual determination of [the d]efendant's ability to pay be made by the court.").

{7}       The district court, after reviewing the probation officer's recommendation, is charged with entering an order either approving the plan, disapproving it, or modifying it based on the policy guidance provided by the statute. Section 31-17-1(C), (E). The victim of the crime is permitted to enforce the court's order to pay restitution against the criminal defendant in the same manner as a civil judgment. Section 31-17-1(D).

## II.       Plaintiff's Complaint

{8}       In March 2014, Plaintiff was the victim of the crime of great bodily injury by vehicle, a crime that is included in the constitutional provision giving victims of certain crimes a right to restitution. *See* N.M. Const. art. II, § 24(A)(8). The criminal defendant who committed the crime that injured Plaintiff was prosecuted by the Bernalillo County District Attorney's Office and, following her conviction, was ordered by a judge in the Second Judicial District Court to pay restitution "as determined by the probation authorities."

{9}       All of the counts in Plaintiff's complaint that are challenged on appeal seek damages arising from the failure of the judge or judges presiding over the criminal defendant's sentencing and probation to enter an order of restitution requiring the

criminal defendant to pay damages caused by her crime to Plaintiff. Plaintiff alleges that the judge or judges assigned to the criminal defendant's case failed to timely enter a restitution order; the prosecutors assigned to prosecute her case by the Bernalillo County District Attorney's Office failed to pursue the entry of such an order in a scheduled court hearing, and did not reschedule the restitution hearing despite a request from the court to do so; and the probation officer or officers assigned to the criminal defendant failed to file a recommendation with the district court as to the amount and conditions of restitution—all of which contributed to the criminal defendant completing her probation and being released without a restitution order having been entered. In his complaint, Plaintiff claims that these acts and omissions caused him to be deprived of his rights and privileges under the New Mexico Constitution's Bill of Rights, and that he suffered monetary damages, thereby violating the CRA.

### III.    Defendants' Joint Motion to Dismiss

{10}    The three public bodies that Plaintiff named in the complaint—the Second Judicial District Court, the Bernalillo County District Attorney's Office, and the NMCD—filed a joint motion to dismiss the complaint on the basis that each defendant agency or governmental entity is protected by absolute common law judicial immunity. Defendants argued that Section 41-4A-10 of the CRA, which specifically provides that the waiver of sovereign immunity in Section 41-4A-9 "shall not abrogate judicial immunity, legislative immunity, or any other constitutional, statutory, or common law immunity," applies to public body defendants, and that public bodies were equally entitled to absolute common law immunity as were the individuals—the judges, the prosecutors, and the probation officers—who acted on behalf of the public bodies.

{11}    The district court agreed with Defendants, concluding that under the facts pleaded in the complaint, judicial immunity plainly applies to the conduct of the individuals who acted on behalf of each public body, and that the public bodies who are the defendants in a CRA case are equally entitled to absolute judicial immunity if the individuals who acted on their behalf would be entitled to such immunity. The district court relied on Section 41-4A-10 of the CRA.

### IV.    The Arguments on Appeal

{12}    Plaintiff makes three arguments on appeal: (1) "absolute immunity appl[ies] only to *individuals* rather than to judicial or other governmental entities"; (2) no immunity of any sort other than sovereign immunity is available to public bodies by analogy to federal official-capacity claims under 42 U.S.C. § 1983; and (3) as a matter of public policy, the Legislature's choice to provide a remedy for violations of the bill of rights in the CRA outweighs the policy interests protected by judicial immunity. Plaintiff also contends in his motion for rehearing that, even assuming that our Supreme Court's opinion in *Bolen* decided all three of these questions against him, his complaint adequately alleges acts and omissions by known or unknown persons at Defendants that would be considered "administrative acts" not integral to the pending criminal

proceeding, such that dismissal was not appropriate. Plaintiff's argument in his motion for rehearing focuses primarily on probation officers employed by the NMCD.

**{13}** An order granting or denying a motion to dismiss raises a question of law that we review de novo. *Garcia v. Dorsey*, 2006-NMSC-052, ¶ 13, 140 N.M. 746, 149 P.3d 62. Questions of immunity and issues of statutory interpretation are also reviewed de novo by this Court. *See Hunnicutt v. Sewell*, 2009-NMCA-121, ¶ 8, 147 N.M. 272, 219 P.3d 529 (reviewing question of immunity); *Morris v. Brandenburg*, 2016-NMSC-027, ¶ 14, 376 P.3d 836 (reviewing question of statutory interpretation).

**{14}** All of the arguments raised by Plaintiff on appeal are directly addressed by our Supreme Court's opinion in *Bolen*. First, *Bolen* holds that "a public body may raise judicial immunity as an affirmative defense to claims brought pursuant to the CRA." 2025-NMSC-034, ¶ 2. Second, *Bolen* reviews and rejects the analogy to 42 U.S.C. § 1983 argued by Plaintiff, noting that although the CRA, like § 1983, waives sovereign immunity for civil rights actions under the statute, the CRA, unlike § 1983, "explicitly preserves other immunity defenses," *Bolen*, 2025-NMSC-034, ¶ 14, by providing in Section 41-4A-10 of the CRA that the CRA's "'prohibition on the use of the defense of qualified immunity pursuant to [Section 41-4A-4 of the CRA] and the waiver of sovereign immunity pursuant to [Section 41-4A-9 of the CRA] *shall not abrogate judicial immunity, legislative immunity or any other constitutional, statutory or common law immunity.*'" *Bolen*, 2025-NMSC-034, ¶ 14 (quoting § 41-4A-10 (emphasis added)). The *Bolen* Court relies on this plain statutory language, deciding that Section 41-4A-10 of the CRA would be "meaningless" if it prohibited common law immunity defenses when asserted by a public body, since only public bodies are subject to suit under the CRA. *Bolen*, 2025-NMSC-034, ¶ 20; *see* § 41-4A-3(C) (limiting the defendants in a CRA action to public bodies).

**{15}** Third, our Supreme Court addresses the policy argument raised by Plaintiff. *Bolen* rejects the argument that policy considerations require limiting judicial and the other related common law immunities to individuals only. The Court concludes that the policy reasons for judicial immunity, including the related judicial or quasi-judicial immunity for prosecutors in the performance of their duties of advocacy in court, and for probation officers when functioning as an arm of the court, are primarily intended to protect the *judicial function*—the office and not the person. *See Bolen*, 2025-NMSC-034, ¶¶ 18, 22, 25. *Bolen* holds that judicial immunity properly applies to the public bodies on whose behalf judges, prosecutors, and probation officers act, so long as the judges, prosecutors, and probation officers are "participat[ing] in the adjudicatory process," *id.* ¶ 24 (internal quotation marks and citation omitted), and "performing a judicial function," *id.* ¶ 33. [3] The Court notes that "[i]f we were to hold that judicial

_____

[3]We note that this case involves solely claims of judicial immunity. Unlike Bolen, there are no administrative proceedings where further inquiry may be required to determine whether the adjudicatory proceeding "shares enough of the characteristics of the judicial process to warrant the extension of judicial immunity to the proceedings and (2) whether the conduct at issue consists of a judicial function." *See Bolen*, 2025-NMSC-035, ¶ 38; *see also id.* ¶¶ 44-47 (remanding for limited factual inquiry). In contrast to *Bolen*, in this case the claims arise in the context of a criminal case proceeding in state district court before a district court judge. Judicial immunity for the judges, the prosecutors, and the probation

immunity protects individuals but not entities, then litigants who are dissatisfied with a judge's order could circumvent the purpose and effects of the doctrine simply by suing the judicial entity instead of an individual judge." *Id.* ¶ 25. The Court concludes that this is not what the Legislature intended. *See id.*

**{16}** Additionally, our Supreme Court acknowledges the possibility of some conflict between the purpose of the CRA—providing a remedy to those deprived of constitutional rights—and the purpose of absolute judicial immunity: protecting the integrity of the court and those performing a judicial function integral to the court proceedings. *Id.* ¶ 32. The Court expresses its confidence that these interests can be balanced as long as the absolute judicial privilege is limited to individuals, and to the public entities that employ them, that are participating in the adjudicatory process and performing functions integral to the court proceedings. *See id.* (stating that "judicial immunity can be applied consistently with the CRA if it is tailored to promote the doctrine's underlying rationale").

**{17}** In his motion for rehearing, Plaintiff adds a challenge to the district court's conclusion, under the standards ultimately adopted by *Bolen*, that the facts pleaded in the complaint establish that all of the individuals who were acting respectively on behalf of the Second Judicial District Court, the Bernalillo County District Attorney's Office, and the NMCD were either directly performing a judicial function (in the case of the judge or judges); were engaging in conduct associated with the judicial phase of an active criminal case in state district court (in the case of the prosecutors); or serving as an extension or arm of the court in an adjudicatory proceeding (in the case of the probation officer or officers). Although Plaintiff made this argument to the district court, he abandoned it on appeal to this Court, raising it only in his motion for rehearing. Although we are not compelled to consider Plaintiff's belated argument, we briefly address it.

**{18}** Focusing specifically on the probation officers, Plaintiff argues that remand to the district court is required to allow Plaintiff to conduct discovery and present evidence as to whether all of the acts and omissions the complaint alleges were committed by the probation officers occurred while the individuals and the probation office were "functioning as an *arm of the court* by performing tasks integral to a judicial proceeding." *Bolen*, 2025-NMSC-034, ¶ 35.

**{19}** We do not agree with Plaintiff that remand for discovery is required. Like the guardian ad litem in *Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶ 17, 331 P.3d 915, who was court-appointed pursuant to a rule that made it very clear that the guardian ad litem was an arm of the court, the role of the probation division and the assigned probation officer or officers with regard to the district court's restitution decision was specified by statute. That role is to investigate and report to the district court, providing both information the court needs to make a restitution decision and a recommendation as to the appropriate decision. Section 31-17-1(B), (C), (E). The role assigned by the Rule 1-

---

officers under the circumstances pleaded is settled law, reaffirmed in our Supreme Court's opinion in *Bolen*. *See* 2025-NMSC-034, ¶ 24 (providing immunity to judges and prosecutors participating in a court proceeding); *id.* ¶ 35 (extending immunity to probation officers acting as an arm of the court).

053.3 NMRA in *Kimbrell* and in this case by Section 31-17-1 is integral to the court proceedings in a pending adjudicatory process. No allegations are made in Plaintiff's complaint about conduct outside the scope of Section 31-17-1. The facts stated in the complaint lead to only one possible conclusion under the law: the probation officers were acting as an arm of the court and they are protected from suit by judicial or quasi-judicial immunity.

{20}   To the extent Plaintiff argues that his complaint pleads facts, that if accepted as true, would support a possibility that NMCD probation officers had a function in regard to an order of restitution outside the probation officers' role as an arm of the court during criminal defendant's probationary period, we are not persuaded. Court oversight of the criminal defendant's probation continued until mid-2022, when Plaintiff complains that the criminal defendant was released from probation by the court without a restitution order having been entered. During this entire time period, therefore, as the complaint acknowledges, there was a pending court proceeding and the probation officers continued to serve the court with regard to the restitution order at issue in this case. Plaintiff complains about the failure of the probation officers to make the proper recommendation to the court concerning restitution before the criminal defendant completed her probation, and the court lost its authority to order restitution. Plaintiff's allegations that the probation officers and NMCD violated Plaintiff's right to restitution by filing the wrong papers with the court or by failing to request a restitution hearing are acts and omissions committed by the probation officers while acting as an arm of the court in a pending adjudicatory proceeding.

## V.    CONCLUSION

{21}   We therefore affirm the district court's dismissal of Plaintiff's complaint for money damages under the CRA on judicial immunity grounds.

**{22}   IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**